RTN (8517)
RONALD T. NAGLE, P.C.
52 South Street
Morristown, New Jersey 07960
Telephone: (973) 267-6780
Facsimile: (973-267-6738
Attorney for Plaintiff Beach Creek, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEACH CREEK MARINA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL TAX LIEN SERVICES, LLC<br>And TYLER TECHNOLOGIES,<br><br>Defendants. | CIVIL ACTION NO.<br>HONORABLE<br><br><br><br>COMPLAINT |

Plaintiff Beach Creak Marina, Inc. ("BCM") by way of Complaint against Defendants Royal Tax Lien Services, LLC and Tyler Technologies, says:

### THE PARTIES

1. BCM is a New Jersey Corporation with its principle place of business at One Gateway Center, Newark, New Jersey. It has been located in Essex County, New Jersey since 1987.

2. Royal Tax Lien Services, LLC, d/b/a Crusader Lien Services ("Royal") is, upon information and belief, a Pennsylvania Corporation with its principle place of business in Narberth, Pennsylvania. Royal Tax Lien Services, LLC is a subsidiary of Royal Bank of

Pennsylvania, Inc ("Royal Bank"), in its turn, a wholly owned subsidiary of Royal Bancshares of Pennsylvania, Inc ("Royal Bancshares").[1]

3. Tyler Technologies ("Tyler") is, upon information and belief, a Delaware Corporation with its principle place of business at 5949 Sherry Lane, Dallas, Texas.[2]

## JURISDICTION AND VENUE

4. Jurisdiction and venue with regard to the Complaint are proper. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

5. This Court has jurisdiction over the Defendants. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and venue is proper in the Newark Vicinage as the Plaintiff is located in this Vicinage, relevant documents are located in the Newark Vicinage and witnesses for the parties are located in the Newark Vicinage.

## FACTS COMMON TO ALL COUNTS

6. In or about May 2003, Tyler was engaged to perform real estate appraisals and assessments for properties in North Wildwood, New Jersey for tax assessment purposes.

7. Toward this end, North Wildwood and Tyler entered into a Contract (the "Contract") for Tyler to provide assessment and appraisal services.

---

[1] Pursuant to the publicly traded NASDAQ Royal Bancshares' United States Securities and Exchange Commission Form 10-K filing for the fiscal year ended December 31, 2008, the following disclosures are made: "Royal Bank was incorporated in the Commonwealth of Pennsylvania on July 30, 1963, was chartered by the Commonwealth of Pennsylvania Department of Banking and commenced operation as a Pennsylvania state-chartered bank on October 22, 1963.[…] During the third quarter of 2006, Royal Bank formed a subsidiary, Royal Tax Lien Services, LLC to purchase and service delinquent tax liens. The Bank owns 60% of the subsidiary." Finally, [Royal Bancshares], through its wholly owned subsidiary Royal Bank, holds a 60% ownership interest in Crusader Servicing Corporation (CSC").[…]On February 2, 2007, due to a change in CSC management, Royal Bank and other shareholders, constituting a majority of CSC shareholders, voted to liquidate CSC under an orderly, long term plan adopted by CSC management. Royal Bank continues acquiring tax liens through its subsidiary, Royal Tax Lien Services, LLC" (see, Item I, Business, pp.3 and 6)

[2] Pursuant to the publicly traded NYSE Tyler's United States Securities and Exchange Commission Form 10-K filing for the fiscal year ended December 31, 2008, the following disclosures are made: Tyler is Delware corporation founded in 1966 having its principal executive offices at 5949 Sherry Lane, Suite 1400, Dallas, Texas.

8. Tyler performed an assessment and appraisal of property owned by BCM.

9. The net result of the appraisal performed by Tyler was that in 2006 BCM's property went from a 2005 assessment of $1,526,200 to an assessment of $14,612,900.

10. As a result of this appraisal process, BCM's property taxes were increased approximately 274% in one year (i.e., from $39,000± to $107,000± annually) thus undermining the viability of BCM's business and property ownership after 20 years of continuous operations.

11. BCM attempted to reconcile this situation with the City of North Wildwood but was not successful. The City of North Wildwood's property tax and worksheet documents relied upon in making the significantly increased assessment were created and developed by Tyler.[3]

12. The City then issued a tax lien certificate in connection with BCM's property in and around January 11, 2007. The certificate was purchased by Royal. The two (2) year statutory period under N.J.S.A. 54:5-52 has expired after which a tax lien certificate holder may foreclose and, upon information and belief, Royal intends to foreclose on the certificate.

## COUNT ONE
### (Negligence)

13. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 12.

14. Tyler had a duty to exercise the knowledge, skill and ability with ordinary devotion possessed by appraisers and tax assessors to prepare the appraisal and assessment of BCM's property in a professional manner consistent with reasonable care and prudence.

---

[3] Such documents were produced by the City of North Wildwood in response to a January 2009, BCM Public Documents Request as well as Tyler contract documents produced by the State of New Jersey's Division of Taxation in response to a separate April 2009 BCM Public Documents Request.

3

15. Tyler did not prepare the appraisal and assessment of BCM's property in a professional manner consistent with normal standards and customs and Tyler breached its duty to do so.

16. As a direct and proximate result of the negligence of Tyler, BCM has been substantially harmed and damaged.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendants Tyler Technologies for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## SECOND COUNT
### (Professional Malpractice)

17. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 16.

18. As a professional appraiser, Tyler had a duty to exercise the degree of care called for by applicable legal and industry standards.

19. Tyler breached its duty of care and as a direct and proximate result BCM has been and continues to be damaged.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Tyler Technologies for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## THIRD COUNT
### (Breach of Contract – Third Party Beneficiary)

20. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 19.

21. The Contract contains certain requirements and obligations for Tyler.

22. The Contract sets certain standards for Tyler to follow.

23. The Contract contemplates properties and property owners as subjects of the mass assessment and also contemplates direct written communications with all property owners during the valuation process.

24. BCM was and is a third party beneficiary under the Contract.

25. Tyler breached the Contract by failing to perform its obligations thereunder and by failing to comply with the standards expressly and implicitly contained therein.

26. As a direct and proximate result of the breach of the Contract by Tyler, BCM has been damaged.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Royal Tax Lien Services, LLC for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## FOURTH COUNT
### (Unjust Enrichment as to Tyler)

27. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 26.

28. Defendant Tyler has received benefits to which it is not entitled and has been unjustly enriched.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Tyler Technologies for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## FIFTH COUNT
### (Breach of Implied Covenant)

29. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 28.

30. Implied in the Contract is a covenant that Tyler would conduct itself in good faith to perform its duties under the Contract.

31. Tyler breached the implied covenants in the contract and, as a result, BCM has been and continues to be harmed.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Tyler Technologies for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## SIXTH COUNT
### (Declaratory Judgment as to Royal)

32. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 31.

33. Based on the facts set forth above, the tax lien certificate held by Royal is invalid and illegal.

34. Based on the facts set forth above, BCM seeks a declaratory judgment from this Court pursuant to 28 U.S.C. §2201 that the tax lien certificate held by Royal is void and invalid.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Royal Tax Lien Services, LLC for declaratory judgment as well as for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## SEVENTH COUNT
### (Declaratory Judgment as to Royal)

35. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 34.

36. The tax lien certificate held by Royal is invalid for the reasons set forth above and pursuant to N.J.S.A. 54:5-100.

37. Defendant Royal is a sophisticated tax lien certificate investor that neglected or deliberately shunned customary due diligence in purchasing a tax lien certificate which bore no relationship to the true and reasonable value of the property allegedly substantiating the value of the tax lien certificate contract it purchased.

38. BCM seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that the tax lien certificate is void and invalid.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Royal Tax Lien Services, LLC for declaratory judgment as well as for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

## EIGHTH COUNT
### (Unjust Enrichment as to Royal)

39. Plaintiff repeats and makes a part hereof the allegations contained in Paragraphs 1 through 38.

40. Royal has received benefit to which it is not entitled and has been unjustly enriched.

WHEREFORE, Plaintiff Beach Creek Marina, Inc. demands judgment in its favor and against Defendant Royal Tax Lien Services, LLC for compensatory and consequential damages, interest, costs of suit and all other equitable and legal relief to which it is entitled.

                                                RONALD T. NAGLE, P.C.
                                                Attorneys for Plaintiff

Dated: May 29, 2009                  By: _____
                                                   Ronald T. Nagle

## DEMAND FOR TRIAL BY JURY

Plaintiff, through the undersigned counsel, demands a trial by jury on all issues.

Dated: May 29, 2009

RONALD T. NAGLE, P.C.
Attorneys for Plaintiff

By: _____
Ronald T. Nagle