# HILL WALLACK LLP
## ATTORNEYS AT LAW

202 Carnegie Center, P.O. Box 5226, Princeton, NJ 08543-5226
Telephone: (609) 924-0808, Fax: (609) 452-1888
WWW.HILLWALLACK.COM

Writer's Direct Dial: (609) 734-6320
012791/00006/01949956

June 22, 2009

**Via ECF**
Honorable Patty Shwartz, U.S.M.J.
United States District Court, District of New Jersey
U.S. Post Office & Courthouse Bldg.
Federal Square, Room 10
Newark, New Jersey 07101

> Re: **Beach Creek Marina, Inc. v. Royal Tax Lien, et al.**
> **Civil Action No.: 09-2649(KSH)**
> **Cole Layer Trumble Company and Tyler Technologies Inc.'s request for leave to file motion to dismiss**

Dear Judge Shwartz:

The undersigned represents Cole Layer Trumble Company and Tyler Technologies Inc. (collectively "Tyler") in the above-referenced matter. Pursuant to my telephone conversation with your chambers on June 18, 2009 and your letter dated June 11, 2009 (document #6 on the docket), please accept this correspondence as Tyler's request for leave to file a motion to dismiss in lieu of answer. Tyler was served with the instant complaint on June 12, 2009. As such, its first responsive pleading is due on July 2, 2009. Tyler intends to apply for an extension of time pursuant to L.Civ.R. 6.1(b).

Tyler asserts this matter must be dismissed because plaintiff, Beach Creek Marina, Inc. ("BCM"), fails to state a claim upon which relief can be granted. As alleged in BCM's complaint, pursuant to a public contract Tyler completed a municipal-wide revaluation for North Wildwood, New Jersey in 2006, wherein the property BCM owns is located. As a result of this revaluation process, BCM's assessment and property taxes increased. Pursuant to N.J.S.A. 54:3-21 et seq., taxpayers aggrieved by the assessed valuation of the taxpayer's property may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed, whichever is later, appeal to the Tax Court, when, as here, the assessed valuation of the property subject to the appeal exceeds $750,000.00. N.J.S.A. 54:3-21(a). Similarly, in a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, as here, a taxpayer may appeal to the Tax Court on or before May 1. Ibid.

June 22, 2009
Page 2

  These statutory time frames are mandatory and admit of no exception. Newark v. Fischer, 3 N.J. 488 (1950). Failure to file a timely appeal is a fatal jurisdiction defect. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418 (1985). Indeed, the Tax Court has termed compliance with filing requirements an "unqualified jurisdictional imperative." Mayfair Holding Corp. v. North Bergen Tp., 4 N.J. Tax 38, 40 (Tax 1982). BCM filed the instant complaint with the District Court some three (3) years after the mandatory, statutory timeframe for appeal.

  Further, the claim arises out of the assessment of BCM's property. BCM's sole remedy in such circumstance was to pursue its statutory remedies with the Tax Court and having failed to do so, BCM has no remedy here. Accordingly, the instant complaint must be dismissed for failure to state a claim upon which relief may be granted. F.R.C.P. 12(b)(6).

  We have contacted BCM's counsel to inform him of Tyler's instant request for leave to file a motion to dismiss and to determine his position regarding same. As of this date, we have yet to hear from him. Please advise me whether Tyler's request will be granted. Thank you for your consideration.

            Very truly yours,

            s/ Maeve E. Cannon
            Meave E. Cannon

cc: Ronald T. Nagle, Esq. (via ECF)