**EXHIBIT A**

Schneck Holtzman LLC
33 Clinton Road
Suite 108
West Caldwell, New Jersey 07006
(973)575-1700
Attorneys for Plaintiff,
BEACH CREEK MARINA, INC.

| | | |
|---|---|---|
| **Beach Creek Marina, Inc., a New Jersey Corporation,** | : : : | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION CAPE MAY COUNTY |
| **Plaintiff,** | : | DOCKET NO.: |
| | : | |
| **vs.** | : : | CIVIL ACTION |
| **City of North Wildwood, a Municipal Corporation, Mayor and Counsel** | : : : : | **VERIFIED COMPLAINT** |
| **Defendant.** | : : | |

Plaintiff, Beach Creek Marina, Inc., a corporation organized under the laws of the State of New Jersey, located at 610 New York Avenue, North Wildwood, New Jersey, with its offices located at 622 Eagle Rock Avenue, West Orange, New Jersey by way of Complaint against Defendants states as follows:

1)    Defendant at all times relevant is a municipality organized under the laws of the State of New Jersey located in Cape May County, New Jersey.

2)    Plaintiff at all times relevant is the owner of property commonly known as 610 New York Avenue, and also known as Block 152, Lot 1 on the tax map of the City of North Wildwood.

3)    As it relates to the facts and circumstances of this matter, the property in question consists of two (2) blocks along Beach Creek operated generally as a marina for docking of water crafts and containing some buildings for related services.

4)    On information and belief the City of North Wildwood conducted a revaluation for the entire municipality for be effective for the year 2006.

5)    The purpose of said revaluation was to raise assessments to a level wherein at least with an intent to have each property's assessment be equivalent to that properties value.



6)      As a result of this revaluation as well as most if not all revaluations, most properties assessments significantly increased.  The further result is that property taxes tend to rise.

7)      Defendant Municipality failed to adequately notify Plaintiff as to its new assessment.  Plaintiff contends that the City of North Wildwood knowingly and purposely failed to send notices to the proper address of Plaintiff, which proper address has always been known to the tax assessor's office and all other agencies in the municipality.

8)      Plaintiff contends that the City of North Wildwood's failure to properly notice Plaintiff of its new assessment was for the sole purpose of preventing Plaintiff from the proper payment of its taxes and/or the right to seek review of the new assessment in the event Plaintiff felt that the assessment was inaccurate or inappropriate.

9)      As a result of Defendant's deliberate and willful actions, Plaintiff was not able to file a tax appeal on or before April 1, 2006 which is the required filing deadline.  Plaintiff was further caused to file a tax appeal many months after April 1, 2006 with a hope of convincing the Tax Court of New Jersey that such a filing was proper under the circumstances.

10)      As a further result of Defendant's willful and deliberate actions, significant tax debt has accrued to the point where Plaintiff is unable to make said payments and has subjected Plaintiff's property to tax sale.

11)      As a further result, Plaintiff is uncertain if, in fact, the alleged claimed amount is accurate.

12)      As result of Defendant's willful and deliberate actions, Plaintiff has received information albeit, not until the 11th hour, that the City of North Wildwood has advertised the sale of unpaid tax liens scheduled for December 27, 2007.

13)      By reason of the aforementioned willful and deliberate actions of Defendant Municipality, Plaintiff is likely to suffer significant financial damage.

WHEREFORE, Plaintiff demands judgment against the Defendant:

A)      For temporary and permanent injunctive relief preventing the City of North Wildwood from proceeding with the sale of any tax liens on the subject property.

B)      An accounting of all monies paid by Plaintiff to Defendant covering the last three (3) tax years, 2004, 2005 and 2006.

C)      For all records concerning the nature of the revaluation as it applies to Block 152, Lot 1 in the City of Wildwood, County of Cape May and State of New Jersey.

D)      Money damages occasioned by the willful and deliberate actions of Defendant.

E)    Such other relief as the Court may deem fair and just in this cause.

SCHNECK HOLTZMAN, LLC
Attorneys for Plaintiff

Dated:  December 22, 2006

Lee S. Holtzman, Esq.

Schneck Holtzman LLC
33 Clinton Road
Suite 108
West Caldwell, New Jersey 07006
(973)575-1700
Attorneys for Plaintiff,
BEACH CREEK MARINA, INC.

| | | |
|---|---|---|
| **Beach Creek Marina, Inc., a New Jersey Corporation,** | : | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION CAPE MAY COUNTY |
| **Plaintiff,** | : | DOCKET NO.: |
| | : | |
| **vs.** | : | CIVIL ACTION |
| | : | |
| **City of North Wildwood, a Municipal Corporation** | : | **FACSIMILE SIGNATURE CERTIFICATION** |
| **Defendant.** | : | |
| | : | |

Lee S. Holtzman, of full age, hereby certify as follows:

1.    I am an attorney at law of the State of New Jersey, and in this capacity represent Beach Creek Marina, Inc. in connection with the above-captioned matter.

2.    As such, I am familiar with the facts and circumstances surrounding this matter.

3.    I certify that Paul Cocoziello did acknowledge to me the genuineness of his signature appearing at the end of his Certification annexed hereto, and that the original of this signature will be filed with the court if the court or any party requests the original.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Lee S. Holtzman
An Attorney at Law of the
State of New Jersey

## VERIFICATION

Paul Cocoziello, hereby certifies as follows:

1)    I am the Plaintiff in the foregoing Verified Complaint.

2)    I hereby certify that the facts set forth therein are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BEACH CREEK MARINA, INC.

DATED: _12-22-06_

BY: _____
       Paul Cocoziello, Plaintiff

**EXHIBIT B**

Schneck Holtzman LLC
33 Clinton Road
Suite 108
West Caldwell, New Jersey 07006
(973)575-1700
Attorneys for Plaintiff,
BEACH CREEK MARINA, INC.

**FILED**

DEC 26 2006

WILLIAM C. TODD, P.J.CH.

| Beach Creek Marina, Inc., a New Jersey Corporation, | : | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION |
|---|---|---|
| | : | CAPE MAY COUNTY |
| | : | DOCKET NO. CPM-C-97-06 |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | ORDER TO SHOW CAUSE |
| City of North Wildwood, a Municipal Corporation | : | |
| | : | |
| Defendant. | : | |

The above entitled matter, having been opened to the court by Schneck Holtzman, LLC,

(Lee S. Holtzman, Esq., appearing) Attorney's for Plaintiff, Beach Creek Marina, Inc. on

application for an Order to Show Cause for temporary and permanent restraints; and the Court

having reviewed the Certification, Brief, and Exhibits in support of the entry of the Order to

Show Cause; and having been satisfied that good and sufficient cause has been shown for the

entry hereof.

IT IS on this 26th day of December, 2006

ORDERED that on the 3rd day of January _____, 2006, 2007 at 1:30 pm Defendant shall

appear before this Court and show cause why a permanent order should not be entered

restraining the advertisement of sale pursuant to N.J.S.A. 34:5-19 et seq., foreclosure and/or tax

sale of real estate and/or municipal tax liens on certain property specifically Block 152, Lot 1, in

the City of North Wildwood, more commonly known as 610 New York Avenue.

Pending further order of this Court, Defendant, City of North Wildwood is hereby restrained from proceeding in any fashion with foreclosure, sale and/or advertisement for sale with respect to the above described property.

Defendant may move on two days notice to Plaintiff, Beach Creek Marina, Inc. by its Attorney's Schneck Holtzman, LLC to modify or dissolve the aforementioned restraints.

By _____

Hon. **MAX A. BAKER, P.J.F.P.**
Chancery Division, Cape May County

A copy of this ORDER TO Show case and all supporting documents shall be served on the Solicitor for the City of North Wildwood no later than December 27, 2006

**EXHIBIT C**

JAN-23-2007 15:57 From:CIVIL DIVISION        6094836465        To:6097293441        P.1/1

CERTIFIED
TO BE A
TRUE COPY

FILED    JAN 0 4 2007
Office of the Superior Court Clerk
By Deputy Clerk of the Superior Court
HOWARD H. BERCHTOLD, JR.
CAPE MAY COUNTY

BEACH CREEK MARINA, INC.,

                                    SUPERIOR COURT OF NEW JERSEY
                                    CHANCERY DIVISION
                                    CAPE MAY COUNTY
                                    DOCKET NO. CPM-C-97-06
                    Plaintiff(s),

vs.

                                    *Civil Action*

                                    **ORDER VACATING
CITY OF NORTH WILDWOOD, et als.,        RESTRAINTS, ETC.**

                    Defendants.

THIS MATTER coming before the court January 3, 2007, on the return date of an Order to Show Cause executed at the request of plaintiff, Lee S. Holtzman, Esquire, appearing for plaintiff, and William Kaufmann, Esquire, appearing for defendant, and the court having addressed the matter in open court on the date noted, and the court having determined to enter this Order for the reasons outlined on the record;

IT IS ON THIS 4th day of January 2007 ORDERED:

1.    The temporary restraints contained in the Order to Show Cause executed December 26, 2006 is hereby vacated.

2.    Pursuant to *Rule 4:3-4(a)*, this matter is hereby transferred to the Tax Court, to be addressed in conjunction with an appeal recently filed in that court by plaintiff against defendant City of North Wildwood.

                              WILLIAM C. TODD, III, P.J.Ch.

**EXHIBIT D**

Bk M4527 Pg507 #126

# CERTIFICATE OF SALE
## FOR UNPAID MUNICIPAL LIENS

No. 06-00225

I, TODD N BURKEY , COLLECTOR OF TAXES of the taxing district of the CITY of N WILDWOOD in the COUNTY of CAPE MAY and State of New Jersey, do hereby certify that on the 11th day of January , 2007 at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto I sold to Royal Tax Lien Service LLC

whose address is 179 WASHINGTON LANE, JENKINTOWN, PA 19046

for One Hundred Fourteen Thousand Seven Hundred Fifty Two dollars and Fifteen cents, the land in said taxing district described as Block No. 152 Lot No. 1 and known as 610 NEW YORK AVE , on the tax duplicate thereof and assessed thereon to BEACH CREEK MARINA, INC.

## THE AMOUNT OF THE SALE WAS MADE UP OF THE FOLLOWING ITEMS:

|  | AMOUNT | INTEREST | TOTAL |
|---|---|---|---|
| Taxes For: | 102,290.30 | 12,336.85 | 114,627.15 |
| Assessments For Improvements |  |  |  |
| Total Cost of Sale | 125.00 |  | 125.00 |
| Total |  |  | 114,752.15 |
| Premium (if any) Paid | 138,000.00 |  |  |

Said sale is subject to redemption on repayment of the amount of sale, together with interest at the rate of 0.00 per centum per annum from the date of sale, and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal charges accruing after November 11 ,2006 ; municipal authority charges accruing after November 11 ,2006 and assessment installments not yet due, amounting to 0.00 dollars and interest thereon.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of January , 2007

STATE OF NEW JERSEY
COUNTY OF: CAPE MAY

*Todd N Burkey*

SEAL

TODD N BURKEY , COLLECTOR OF TAXES

BE IT REMEMBERED, that on this 19th day of January 2007 before me a Notary Public of New Jersey, personally appeared TODD N BURKEY the Collector of Taxes of the taxing district of CITY OF N WILDWOOD in the County of CAPE MAY who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

Prepared By: *Todd N Burkey*            *Cheryl Guarinello*
TODD N BURKEY , PREPARER    CHERYL GUARINELLO    CHERYL A. GUARINELLO
                                                  NOTARY PUBLIC OF NEW JERSEY
                                                  MY COMMISSION EXPIRES 08/03/2009

NOTE: NJSA 46:15-3 requires that all signatures appearing on the certificate, those of the collector, the Notary Public who takes this acknowledgement, and the preparer shall be printed, typed or stamped underneath such signature the name of the person that signed.

DLGS Rev. 10/99                                    MGL FORMS-SYSTEMS    TC82

**EXHIBIT E**

**NJ    CAPEMAY    NORTHWILDWOOD 600225    06/17/2009    PORT= 70,492**

Block= 152  Lot= 1
Owner= Beach Creek Marina, Inc.
Address= 610 New York Avenue

Ass'd Value =19207600; Property Class Code =15C;  WAC = 8.32%;  LTV = 3.19%

Accruing Interest

| Type | Amount | % | Penalty Amount | Rate | Orig Date | Wkg Date | Age | Accrued Interest | Premium | RecFee | Title Search | FcFee | Payments | Value | ACCOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CERT | 114,752.15 | 0.06 | 6,885.13 | 0.0000 | 01/11/2007 | 06/16/2009 | 887 | 0.00 | 38,000.00 | 40.00 | 0.00 | 0.00 | 0.00 | 259,677.28 | 530594 |
| SUBS | 25,815.52 | 0.06 | 1,548.93 | 0.1800 | 02/20/2007 | 06/16/2009 | 847 | 10,783.11 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38,147.56 | 530189 |
| SUBS | 55,661.82 | 0.06 | 3,339.71 | 0.1800 | 09/10/2007 | 06/16/2009 | 645 | 17,705.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 76,706.56 | 533238 |
| SUBS | 27,443.71 | 0.06 | 1,646.62 | 0.1800 | 11/16/2007 | 06/16/2009 | 578 | 7,822.59 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 36,912.92 | 534624 |
| SUBS | 26,935.23 | 0.06 | 1,616.11 | 0.1800 | 02/15/2008 | 06/16/2009 | 487 | 6,468.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35,020.22 | 536824 |
| SUBS | 58,955.46 | 0.06 | 3,537.33 | 0.1800 | 08/26/2008 | 06/16/2009 | 294 | 8,547.73 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 71,040.52 | 542828 |
| SUBS | 30,751.02 | 0.06 | 1,845.06 | 0.1800 | 11/12/2008 | 06/16/2009 | 216 | 3,275.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35,871.70 | 544407 |
| SUBS | 29,114.97 | 0.00 | 0.00 | 0.1800 | 02/23/2009 | 06/16/2009 | 113 | 1,622.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30,737.43 | 548638 |
| SUBS | 28,946.14 | 0.00 | 0.00 | 0.1800 | 05/20/2009 | 06/16/2009 | 27 | 385.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 29,331.56 | 551107 |
| Total | | | | | | | | | | | | | | 613,445.75 | |

135,000.00
475,445.75

**EXHIBIT F**

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM
### CASE INFORMATION STATEMENT (CIS-LP)

*To be attached to FACE of complaint (Type or Print)*
Address of Attorney (List your address if you are not represented by an attorney):
Michael I. Schneck, Esq.
Schneck Holtzman LLC
33 Clinton Road
West Caldwell, New Jersey 07006
Phone Number: (973) 575-1700

*A.    Please check ONE of the following case types and the filing fee:*

| | | | |
|---|---|---|---|
| _X_ | Direct Appeal | ___ | Added or Omitted Assessment |
| ___ | Appeal from County Tax Board Judgment | ___ | Farmland Qualification |
| ___ | Correction of Error | ___ | Farmland Rollback |
| ___ | Exemption | ___ | Other |

**NOTE:  In order to proceed in the Small Claims Division, the property at issue must be a class 2 property (1-4 family residence) or a class 3A farm residence.**

Filing Fee Submitted    $ 200.00          Check/Other ____    Atty. Charge Account #: _____

*B.    Fill in the following for all cases:*

1.   Plaintiff:        BEACH CREEK MARINA

     Defendant:      City of North Wildwood

2.   County:    CAPE MAY        Block  _152_        Lot _1_        Unit

3.   Assessment Year in contest:    2006

4.   Property Address:   610 NEW YORK AVENUE

5.   Property Type:    Commercial

6.   Is plaintiff the:    Owner  _X_    Tenant  ___    Other: ___

7.   Is an exemption claimed?   Yes _____   No _____   Type: _____

\* If more than one assessed property is included in the Complaint, are they contiguous AND in common ownership? _____ Yes
_X_ No. (Attach individual Case Information Statements for each separately assessed parcel.  If multiple condominium units, attach the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE).

*C.    Fill in the following for all Case Types except Farmland Rollback:*

| | | |
|---|---|---|
| \* The original assessment for the year set forth in No. 3 above | Land | $14,005,300 |
| | Improvement | $607,600 |
| | Exemption | n/a |
| | Total | $14,612,900 |
| \* County Tax Board assessment for the year set forth in No. 3 above: | Land | |
| | Improvement | |
| | Exemption | n/a |
| | Total | |

**D.**   *Fill in the following only for Farmland Rollback:*

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|-------------------------------|
|      |                              |                          |                               |
|      |                              |                          |                               |
|      |                              |                          |                               |

**E.**   *Fill in the following only for an Added Assessment:*

* Said property is the subject of an added assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                          **COUNTY TAX BOARD JUDGMENT:**

Improvements      $ _____          Improvements       $ _____

Prorated Assmt.        _____          Prorated Assmt.         _____

for _____ months                                     for _____ months

*Fill in the following only for an Omitted or Omitted/Added Assessment:*

* Said property is the subject of an _____ assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                          **COUNTY TAX BOARD JUDGMENT:**

Land              $ _____          Land               $ _____

Improvements      $ _____          Improvements       $ _____

Prorated Assmt.        _____          Prorated Assmt.         _____

for _____ months                                     for _____ months

* Do you or your client have any needs under the Americans with Disabilities Act? _____ Yes __X__ No
If yes, please identify any requirements or accommodations you may require under the Americans with
Disabilities Act.

_____

_____

* Will an interpreter be needed?   _____ Yes __X__ No

If yes, for what language: _____

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

Name of Plaintiff:   BEACH CREEK MARINA
Attorney:   Michael I. Schneck, Esq
                   SCHNECK HOLTZMAN LLC
Address:   33 Clinton Road, Suite 108
                   West Caldwell, New Jersey 07006
Telephone Number:   (973) 575-1700

---

TAX COURT OF NEW JERSEY
DOCKET NO.:

BEACH CREEK MARINA

          Plaintiff,                                                    Civil Action

vs.                                                                        **COMPLAINT**
                                                                              (Real Property Tax)

City of North Wildwood

          Defendant.

---

1.   Plaintiff is the taxpayer of the property shown on the local property tax case information statements attached to the face of the complaint.

2.   Plaintiff contests the action of the CAPE MAY County Board of Taxation with respect to the assessments, or the assessments if a direct appeal, on the ground that the assessments are in excess of the true or assessable value of the property.

3.   This complaint pertains to 1 separately assessed parcel

4.   Are any prior years pending in the Tax Court for the same property?  If yes, list assessment year(s):  s

5.   Additional allegations, if any are set forth in the attached Rider,

WHEREFORE, Plaintiff demands judgment reducing the said assessments to the correct assessable value of the said property and such other relief as may be appropriate.

Dated:  January 2, 2007

MICHAEL I. SCHNECK
Attorney for Plaintiff

PROOF OF SERVICE

1.  On January 2, 2007, I, the undersigned, served upon the Clerk of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

2.  On January 2, 2007, I, the undersigned, served upon the Administrator of the CAPE MAY County Board of Taxation by ordinary mail a copy of the within Complaint.

3.  On January 2, 2007, I, the undersigned, served upon the Assessor of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MICHAEL I. SCHNECK
Attorney for Plaintiff

Dated: January 2, 2007

# DIFFERENTIAL CASE MANAGEMENT PILOT PROGRAM
## *CASE INFORMATION STATEMENT (CIS-LP)*

FEB 01 2007

*To be attached to FACE of complaint (Type or Print)*
Address of Attorney (List your address if you are not represented by an attorney):
William J. Kaufmann, Esquire
CAFIERO & BALLIETTE

RECEIVED

JAN 3 0 2007

303 New Jersey Avenue, P.O. Box 789, Wildwood, New Jersey, 08260

TAX COURT OF NJ

Phone Number: (609) 522-0511

------

*Please check ONE of the following case types and the filing fee:*

| | | | |
|---|---|---|---|
| X | Direct Appeal | ___ | Added or Omitted Assessment |
| ___ | Appeal from County Tax Board Judgment | ___ | Farmland Qualification |
| ___ | Correction of Error | ___ | Farmland Rollback |
| ___ | Exemption | ___ | Other |

NOTE: In order to proceed in the Small Claims Division, the property at issue must be a class 2 property (1-4 family residence) or a class 3A farm residence.

Filing Fee submitted $ _____  Check/other  N/A  Atty Charge Acct. # _____

------

*Fill in the following for all cases:*

Plaintiff:  Beach Creek Marina

Defendant:  City of North Wildwood

County:  Cape May        Block  152      Lot  1      Unit _____

Assessment year in contest: _____ 2006

Property Address:  610 New York Avenue

Property Type: (check one)

| | | | |
|---|---|---|---|
| ___ | Industrial | ___ | Vacant Land |
| ___ | 1-4 Family Residence (class 2) | ___ | Multi-Unit Residential (over 4 Units) |
| ___ | Farm Residence (class 3A) | ___ | Farmland |
| X | Commercial | ___ | Other |

Is plaintiff the: Owner  X  Tenant _____  Other _____?

Is an exemption claimed? Yes _____  No  X  Type: _____

If more than one assessed property is included in the complaint, are they contiguous AND in common ownership? _____ Yes _____ No  (Attach individual Case Information Statements for each separately assessed parcel.  If multiple condominium units, attach the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE.)

------

*Fill in the following for all Case Types except Farmland Rollback:*

The original assessment for the year set forth in No. 3 above:

| | |
|---|---|
| Land | $ 14,005,300.00 |
| Improvements | 607,600.00 |
| Exemption | ------ |
| Total | $ 14,612,900.00 |

County Tax Board assessment for the year set forth in No. 3 above:

| | |
|---|---|
| Land | $ Direct Appeal |
| Improvements | _____ |
| Exemption | _____ |
| Total | 0.00 |

*D.  Fill in the following only for Farmland Rollback:*

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|-------------------------------|
|      |                              |                          |                               |
|      |                              |                          |                               |
|      |                              |                          |                               |

*E.  Fill in the following only for an Added Assessment:*

• Said property is the subject of an added assessment for the assessment year _____ as follows:

ORIGINAL ASSESSMENT:                    COUNTY TAX BOARD JUDGMENT:

Improvements  $ _____         Improvements  $ _____

Prorated Assmt. _____         Prorated Assmt. _____

for _____ months                      for _____ months

*Fill in the following only for an Omitted or Omitted/Added Assessment:*

• Said property is the subject of an _____ assessment for the assessment year _____ as follows:

ORIGINAL ASSESSMENT:                    COUNTY TAX BOARD JUDGMENT:

Land        $ _____           Land        $ _____

Improvements  $ _____         Improvements  $ _____

Prorated Assmt. _____         Prorated Assmt. _____

for _____ months                      for _____ months

--------------------------------------------------------------

Do you or your client have any needs under the Americans with Disabilities Act? _____ Yes   X   No  If yes, please identify any requirements or accommodations you may require under the Americans with Disabilities Act.

_____

_____

--------------------------------------------------------------

Will an interpreter be needed?  _____  Yes   X   No

If yes, for what language: _____

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE
3303 New Jersey Avenue
P.O. Box 789
Wildwood, NJ 08260
Attorney for Defendant

| | |
|---|---|
| BEACH CREEK MARINA<br>610 New York Avenue<br>North Wildwood, New Jersey 08260<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF NORTH WILDWOOD,<br>901 Atlantic Avenue<br>North Wildwood, NJ 08260<br><br>    Defendant. | TAX COURT OF NEW JERSEY<br><br>DOCKET #**000081-2007**<br><br>Block 152<br>Lot 1<br><br>    Civil Action<br><br>**ANSWER AND<br>COUNTERCLAIM**<br>**(Real Property Tax)** |

The defendant, City of North Wildwood, having municipal offices located at 901 Atlantic Avenue, North Wildwood, New Jersey, 08260, by way of answer to the plaintiff's complaint, says:

### COUNT I

1.    Admitted.

2.    Denied as to the allegation that the assessment is in excess of the true assessable value of the property.

3.    Admitted.

4.    Admitted.

1

5.     No rider is annexed to the complaint requiring answer.

WHEREFORE, defendant demands judgment dismissing the complaint along with such other relief as the Court may deem appropriate.

## COUNTERCLAIM

Defendant, City of North Wildwood, by way of counterclaim against plaintiff, says:

## COUNT ONE

1.     Defendant is the taxing district for the property designated as Block 152, Lot 1 (610 New York Avenue, North Wildwood, New Jersey, 08260) as shown on the information schedule attached to the face of this pleading.

2.     Defendant contests the actions of the Cape May County Board of Taxation with respect to the assessment on the ground that the assessment is less than the true or assessable value of the property.

3.     This counterclaim pertains to one separately assessed parcel.

4.     No prior years are pending in the Tax Court for the same property.

5.     Additional allegations, if any, are set forth in a rider attached hereto.

WHEREFORE, defendant demands judgment increasing the said assessment to the correct assessable value of the said property and such other relief as may be appropriate.

CAFIERO & BALLIETTE

Dated: _Jan 26, 2007_     By: _William J Kaufmann_
                          William J. Kaufmann, Esquire
                          Attorney for defendant

LAW OFFICES
*Cicero and Balliette*
13 New Jersey Avenue
P. O. Box 789
Wildwood, N. J. 08260

2

## NOTICE OF TRIAL COUNSEL

Please take notice that William J. Kaufmann, Esquire of the law firm of Cafiero & Balliette hereby is designated as trial counsel for the answering defendant in the above-captioned litigation pursuant to R. 4:25-4.

## CERTIFICATION PER RULE 4:5-1(b)(2)

1. I am an attorney-at-law of the State of New Jersey, counsel for the answering defendant, City of North Wildwood.

2. The matter in controversy is neither the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CAFIERO & BALLIETTE

Dated: _Jan 26, 2007_

By: _William J. Kaufmann_
William J. Kaufmann, Esquire
Attorney for defendant

LAW OFFICES
_iero and Balliette_
3 NEW JERSEY AVENUE
P. O. BOX 789
:DWOOD, N. J. 08260

3

## PROOF OF MAILING

On *January 26,* 2007, I, the undersigned, served a copy of the within Answer

and Counterclaim, together with a copy of the Case Information Statement upon the

persons listed below, via regular mail, as follows:

Michael I. Schneck, Esquire
SCHNECK HOLTZMAN, LLC
33 Clinton Road
Suite 108
West Caldwell, New Jersey  07006

Janet H. Harkins, City Clerk
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey  08260

Louis Belasco, C.T.A.
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey  08260

George R. Brown, III, Administrator
CAPE MAY COUNTY BOARD OF TAXATION
Central Mail Room
DN 303
4 Moore Road
Cape May Court House, New Jersey  08210

I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: *January 26, 2007*

*Mary M. Van Order*
Mary M. Van Order, Secretary for
William J. Kaufmann, Esquire
Attorney for defendant

# EXHIBIT G

COPY OF THIS ORDER SENT
TO BOTH PARTIES BY THE
COURT   *3.5.08*

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE
3303 New Jersey Avenue
P.O. Box 789
Wildwood, NJ 08260
Attorney for Defendant, City of North Wildwood

| | |
|---|---|
| BEACH CREEK MARINA | TAX COURT OF NEW JERSEY |
| Plaintiff, | DOCKET #000081-2007 |
| vs. | |
| CITY OF NORTH WILDWOOD | Civil Action |
| Defendant. | ORDER |

**THIS MATTER** having been brought before the Court on motion by defendant, City of North Wildwood, William J. Kaufmann, Esquire appearing, made on notice to plaintiff's attorney, Michael Schneck, Esquire, and the Court having reviewed thoroughly the moving papers and written submissions of the parties and having considered carefully the arguments of the parties *and having heard testimony on August 16, 2007* and for good cause having been shown;

**IT IS** on this *5th* day of *MARCH*, 200*8* **ORDERED** that defendant, City of North Wildwood's motion to dismiss plaintiff's complaint is granted and plaintiff's complaint be and it hereby is dismissed; and

*and the reasons given in a letter opinion dated March 5, 2008*

1

LAW OFFICES
*afiero and Balliette*
:03 NEW JERSEY AVENUE
P.O. Box 789
/ILDWOOD, N. J. 08260

MAR 10 2008

**IT IS FURTHER ORDERED** that, upon receipt of a copy of this order, counsel for defendant, City of North Wildwood, shall distribute additional copies of this order to plaintiffs within ___ days.

Joseph C. Small, P.J.T.C.

☒ - opposed

☐ - unopposed

LAW OFFICES
_liero and Balliette_
03 NEW JERSEY AVENUE
P. O. BOX 789
ILDWOOD, N. J. 08260

2

**EXHIBIT H**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-3986-07T2

BEACH CREEK MARINA,

     Plaintiff-Appellant,

v.

CITY OF NORTH WILDWOOD,

     Defendant-Respondent.

------

        Argued February 23, 2009 – Decided  May 18, 2009

        Before Judges Carchman and R. B. Coleman.

        On appeal from the Tax Court of New Jersey, Docket No. 0081-2007.

        Lee  S.  Holtzman  argued  the  cause  for appellant (Schneck Holtzman LLC, attorneys; Mr.  Holtzman,  Michael  I.  Schneck  and Jonathan M. Bernstein, on the brief).

        William  J.  Kaufmann  argued  the  cause  for respondent (Cafiero & Balliette, attorneys; Mr. Kaufmann, on the brief).

PER CURIAM

    Plaintiff Beach Creek Marina, LLC, (Beach Creek) appeals from an order entered March 5, 2008, dismissing Beach Creek's complaint against the City of North Wildwood.  The complaint was filed to contest North Wildwood's 2006 real estate assessment of certain  property  owned  by  Beach  Creek.    For  substantially

similar reasons set forth in the letter opinion by Joseph C. Small, Presiding Judge Tax Court, dated March 5, 2008, we affirm the order dismissing plaintiff's claim.

The property belonging to Beach Creek, which is the subject of this complaint, consists of approximately three acres and is part of the inter-coastal waterway located in North Wildwood. Paul Cocoziello is the sole officer and shareholder of plaintiff Beach Creek.

In addition to marina related structures, the property also contains a mixed-use building comprising approximately 4,500 square feet of commercial space and 142 rental apartments. The commercial portion of the tower is known as Marina Bay Towers and it, too, is owned by Beach Creek. The residential portion of the tower is owned by Marina Bay Towers Urban Renewal II, L.P., which in turn leases the residential units to Marina Bay Towers Condominium Association, Inc.

The residential owner, Marina Bay Towers Urban Renewal II, pays its taxes pursuant to a Payment in Lieu of Taxes (PILOT) agreement under the Long Term Tax Exception Law, N.J.S.A. 40A:20-1 to -22. The real estate tax associated with the commercial units includes improvements only; there is no "land" component to that tax assessment. Beach Creek pays local real estate tax on the marina and the entire three-acre parcel of

A-3986-07T2

land.  Thus, each year Beach Creek receives two tax bills; one for the improvements associated with the commercial space and another for the marina, which includes the parcel of land.  The latter tax bill forms the basis of this appeal.

According to North Wildwood's tax assessor, 2006 was a "re-evaluation year" for North Wildwood.  Therefore, North Wildwood employed the services of CLT/Tyler technologies to inspect and assess properties within the municipality.  The tax assessor would then review and prepare his own assessments to be mailed to taxpayers.

For 2006, Beach Creek's property was assessed at $14,612,900,[1] which represented a substantial increase from the 2005 assessment of $1,526,200.  The manifest increase in assessed value raised Beach Creek's property tax bill from approximately $39,000 in 2005 to approximately $103,000 in 2006. North Wildwood also reconfigured the tax map so that the three-acre parcel, formerly designated as Block 152, Lot 400, was re-classified as Block 152, Lot 1.  In addition to the reclassification, the Tax Assessor's Office inexplicably changed the mailing address of record for Beach Creek from 608-610 New York Avenue, North Wildwood, to 391 Lakeside Avenue, Orange; an

---

[1] $14,005,300 was attributed to the land, and $607,600 attributed to the improvements.

A-3986-07T2

address that is not directly associated with the subject property or the owner.

In February 2006, North Wildwood sent out Notices of Assessment to property owners within the municipality. An assessment for the commercial space located in the tower, and owned by Beach Creek, was allegedly mailed to 622 Eagle Rock Avenue, West Orange, New Jersey. Although that mailing address was proper, the notice mistakenly combined the tax assessments for improvements on the commercial space with the three-acre parcel of land associated with the marina. Beach Creek did not contact North Wildwood regarding the error in the notice.

Under separate cover, an assessment for the marina which also included the three-acre parcel of land was sent to 391 Lakeside Avenue, Orange, the address for Marina Bay Towers Urban Renewal II, L.P., an entity in which Cocoziello maintains no ownership interest.

On July 24, 2006, North Wildwood sent out its Third Quarter Tax Bill for the marina and its associated property. Again, the bill was mistakenly sent to Marina Bay Towers Urban Renewal II, L.P., at the 391 Lakeside Avenue address.

On December 1, 2006, First Community Development Corporation, the general partner of Marina Bay Towers Urban Renewal II which owns the residential units on the property,

A-3986-07T2

forwarded to Cocoziello the assessments erroneously mailed to 391 Lakeside Avenue, along with a letter which communicated:

> Please find enclosed a Delinquent Notice received from the City of North Wildwood claiming $105,924.00 to be due. Also enclosed are notices received from the City of North Wildwood indicating that any delinquencies not paid by December 11, 2006 will be advertised for two weeks in the Cape May County Herald starting on December 13, 2006, and the tax sale will be held on December 27, 2006. It is our understanding that you are taking the necessary steps to resolve the tax issues.

Thereafter, in December 2006, Cocoziello contacted North Wildwood's Tax Collector in an attempt to clarify the irregularities. It is undisputed that Cocoziello and the Tax Collector did not speak until at least the middle of December. After speaking with the Tax Collector, Cocoziello then contacted the Chief Financial Officer (CFO) of North Wildwood. Following that conversation, Cocoziello sent a letter to the CFO, which purported to clarify the ownership and tax liability of each entity and which contained copies of the tax bills that Cocoziello had actually received.

On January 18, 2007, Beach Creek filed a complaint, challenging the 2006 assessment of the marina and the three-acre parcel of property. Thereafter, North Wildwood filed an answer, followed by a motion to dismiss filed on May 30, 2007.

A-3986-07T2

During the motion hearing, North Wildwood acknowledged that the mailings intended for Beach Creek were sent to an address that was neither the physical address of the property, nor the address of record for the property owner. North Wildwood further acknowledged that it was in contact with Cocoziello throughout the month of December 2006.

Cocoziello testified that he did not receive notice that the property was subject to a re-evaluation and that, in the past, he customarily received tax notices for Beach Creek at 622 Eagle Rock Avenue. As to the correspondence from First Community Development Corporation dated December 1, 2006, Cocoziello acknowledged that he was in receipt of the letter the "first week" of December 2006.

Based upon these facts, the Tax Court judge determined that it was proper to grant North Wildwood's motion to dismiss. In his written decision, the judge stated "[m]y conclusions to a large extent are based on the credibility of the witnesses." He added, "I conclude that [Cocoziello] and [First Community Development Corporation] had communicated no later than December 1, 2006, about the subject's tax delinquency." The judge also noted that the notice of delinquency, which was sent to 391 Lakeside Avenue in November 2006, was received, but curiously, the earlier assessment of February 2006 was not.

A-3986-07T2

The court determined that "assuming [Cocoziello] first learned of the tax assessment on December 1st, [his complaint] was due at the latest, on January 16, 2007,[2] two days before the actual complaint was filed . . . ." In dismissing the complaint, the judge explained "[t]o decide otherwise would amount to this court's voiding of the statutory deadline for filing a tax appeal when a sophisticated taxpayer had actual notice of its tax assessment long before it filed its tax appeal . . . ."

On appeal from a tax court decision, the Appellate Division must determine whether the judge's findings were supported by substantial credible evidence. Yilmaz, Inc. v. Director, Div. of Taxation, 390 N.J. Super. 435, 443 (App. Div. 2007) (citing 125 Monitor St. v. Jersey City, 23 N.J. Tax 9, 13 (App. Div. 2005). Moreover, like the deference given to credibility findings of a judge in a non-jury civil trial, due regard should be given to the Tax Court's ability to judge credibility. First Republic Corp. of Am. v. Borough of E. Newark, 17 N.J. Tax 531, 536-37 (App. Div. 1998), certif. denied, 157 N.J. 647 (1999).

The threshold issue before the Tax Court was determining when Beach Creek had actual notice of its 2006 real estate

---

[2] Forty-five days from December 1, 2006 was January 15, 2007, a holiday.

assessment and whether its appeal of that assessment was timely filed.    Taxpayer appeals are governed by N.J.S.A. 54:3-21(a) which provides:

> Except as provided in subsection b. of this section a taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $750,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer or a taxing district may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $750,000, by filing a complaint directly with the State Tax Court.[3]

---

[3] The Legislature amended N.J.S.A. 54:3-21 in 1991 by what is commonly referred to as "Chapter 75," L. 1991, c. 75.   The amendment added a new requirement, not previously part of New Jersey local property tax law, that "[e]very assessor, prior to

(continued)

A-3986-07T2

This provision should be read with an understanding that "[s]trict adherence to statutory time limitations is essential in tax matters," because those timeframes are "borne of the exigencies of taxation and the administration of local government." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 (1985); see also McCullough Transp. Co. v. Div. of Motor Vehicles, 113 N.J. Super. 353, 360 (App. Div. 1971) ("Limitation periods for claims for refund are common administrative provisions found in tax legislation and justified by the need for predictability of revenues by public agencies.").

On appeal, petitioner Beach Creek raises the following claims:

> POINT I: BEACH CREEK'S DUE PROCESS RIGHTS WERE VIOLATED AS A RESULT OF NORTH WILDWOOD'S INACTION.
>
> POINT II: THE STATUTE OF LIMITATIONS DOES NOT BAR BEACH CREEK'S RIGHT TO APPEAL ITS TAX ASSESSMENT.

---

(continued)
February 1, shall notify by mail each taxpayer of the current assessment and preceding year's taxes." N.J.S.A. 54:4-38.1; L. 1991, c. 75, § 32. The legislation also added a corresponding provision to N.J.S.A. 54:3-21, requiring appeals to be filed on or before April 1, "or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later." L. 1991, c. 75, § 28.

A-3986-07T2

POINT III: BEACH CREEK'S EQUAL PROTECTION RIGHTS WERE VIOLATED AS A RESULT OF NORTH WILDWOOD'S INACTION.

We discuss each in turn.

I.

Beach Creek's first argument on appeal is that its due process rights were violated by the Tax Court's decision. Relying on Schneider v. City of E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984), aff'd, 103 N.J. 115, cert. denied, 479 U.S. 824, 107 S. Ct. 97, 93 L. Ed. 2d 48 (1986), Beach Creek argues that it was not given adequate notice and a fair hearing. After a careful review of the record, we disagree.

The essential components of due process are "adequate notice, opportunity for a fair hearing and availability of appropriate review." Family Realty Co. v. Secaucus Town, 16 N.J. Tax 185 (Tax Ct. 1996) (citation omitted). Generally, when a county board of taxation mails a notice to an incorrect address, adequate notice has not been provided. Id. at 193. However, if the intended taxpayer actually receives notice of an assessment, the requisite level of notice has been provided, despite the taxing authority's error. Ibid. Our Tax Court has addressed this issue in prior complaints.

In Centorino v. Tewksbury Twp., 18 N.J. Tax 303, 307 (Tax Ct. 1999), a taxpayer did not receive notice of an increased

A-3986-07T2

property assessment for 1998 until August 1 of that year due to an error in the municipality's mailing system. The plaintiff contacted the tax assessor and filed an appeal, which the municipality rejected as untimely. The taxpayer subsequently filed a complaint with the Tax Court. _Id._ at 308. The municipality contended that it mailed the assessment to the correct address, but to the attention of the previous owner. The taxpayer contended that she never received notice, even one addressed to the previous owner. _Id._ at 309. The court determined that the taxpayer never received the notice prior to August 1998. _Id._ at 310. The court also determined that "[u]pon receipt of the bill she took prompt action in contacting the assessor and filing an appeal to the county board." _Id._ at 319. The Tax Court judge held that "[u]nder these unique facts and circumstances, the principles of due process necessitate the extension of the filing deadline so that the taxpayer is not denied access to the court and the opportunity for a hearing on her appeal." _Id._ at 321.

The Tax Court has addressed issues of "notice" in other contexts as well. In _Family Realty Co.,_ _supra_, the Tax Court was faced with a taxpayer's petition of appeal to the county board. 16 _N.J. Tax_, 185. The petition designated its signer as the "Attorney - or person to be notified of hearing and

A-3986-07T2

judgment." Id. at 187.  When the taxpayer contacted the county to inquire about the status of the appeal, he was advised that the hearing had been scheduled, no one had appeared, and it had been adjourned.  Id. at 187-88.  A hearing was set four months later, with approximately three weeks notice provided to the petitioner. When the petitioner did not appear at the hearing, the county board granted a motion by the county to dismiss for failure to prosecute.  Id. at 189.  The county board judgment, which was received by the taxpayer, was incorrectly addressed to him personally despite explicit direction by the taxpayer to use his company's name – due to a sign on the building which referenced only the taxpayer's business.

The Tax Court found that the omission of the name of the petitioner's company on the hearing notice was "a significant departure from the instructions received by the county board." Id. at 194.  Accordingly, the Tax Court concluded that the improperly addressed notice was not received, so that the taxpayer should not be denied the opportunity for a hearing on appeal, and denied the municipality's motion to dismiss.  Ibid.

Due process principles were also at issue in City of Camden v. Camden Masonic Ass'n, 9 N.J. Tax 331 (1987), aff'd, 11 N.J. Tax 88 (App. Div. 1989).  There, the county admitted that it never gave the taxpayer notice of the revocation of its

A-3986-07T2

previously-held tax exemption "or notice that the subject property was included as an omitted assessment for the tax years 1983 and 1984, and the county board agreement that, if applicable, the correct assessment was $50,000 and not $394,400." Id. at 336. The court held that the failure of the tax assessor and tax collector to comply with the notice requirements of the alternate method for the omitted assessment statute, N.J.S.A. 54:4-63.35[4], and failure to provide a subsequent notice of the regular assessment or resultant tax bill, where the taxpayer had no knowledge of the assessments and did not have the opportunity to timely appeal them in accordance with the relevant statutes, required an extension of the filing deadlines for a reasonable period of time. Id. at 341-42. Our Supreme Court has instructed that when dealing with taxpayers,

---

[4] That provision, entitled "Notice to owner of omitted tax assessment" provides that:

> As soon as the certified copy of the omitted assessment list is received by the assessor from the county board the assessor shall cause a notice to be sent by certified mail to the owner of each of the properties affected stating that an omitted tax assessment has been made as to the taxpayer's property and that the tax payable as a result thereof may be ascertained from the collector of taxes of the taxing district.

> [N.J.S.A. 54:4-63.35 (emphasis added).]

A-3986-07T2

the "government must turn square corners."  F.M.C. Stores Co.,
supra, 100 N.J. at 426, (quoting Gruber v. Mayor and Twp. Com.
of Raritan Twp., 73 N.J. Super. 120 (App. Div.), aff'd, 39 N.J.
1 (1962)).

Here, the record shows that although North Wildwood erred
in mailing out Beach Creek's assessments, it has not been
demonstrated that it acted in a manner inconsistent with Beach
Creek's due process rights.  Rather, North Wildwood simply
appeared to be confused with respect to the different ownership
interests and mailing addresses of the several entities located
on the same property.  Despite those errors, the notice provided
to Beach Creek was sufficient to satisfy the constitutional
obligations of due process insofar as Beach Creek had a
reasonable time to appeal.

Cocoziello testified that he received notice of the
increased tax assessment sometime in "early December 2006."
This taken alone would have cast doubt on the Tax Court's
determination that Cocoziello had notice on December 1.
However, there are other factors that mandate an affirmation.

First, the letter addressed to Cocoziello stated:  "It is
our understanding that you are taking the necessary steps to
resolve the tax issues."  This language tends to show that there
was some prior communication with Cocoziello that First

A-3986-07T2

Community was in possession of the tax assessment. In addition, the letter addressed to Cocoziello on December 1, was purportedly sent via facsimile on the same date. Second, the facts are clear with respect to the extensive relationship between Rubicon Properties and the partners that comprise Marina Bay Towers Urban Renewal II, L.P.; specifically, that Rubicon managed the property owned by that entity. Third, doubt was shed on Cocoziello's testimony by virtue of the fact that First Community did receive other tax notices in November 2006 at the same address to which the original assessment was sent. Also, as both the testimony and the judge's decision reflect, Cocoziello is a "sophisticated real estate investor," the type of investor who would make reasonable inquiries with respect to his respective companies' tax obligations. And finally, the judge noted that, interestingly, Beach Creek did not solicit the testimony or a certification from the author of the December 1 letter.

Therefore, based on the aforementioned, it appears that the notice provided to Beach Creek and the subsequent time to file an appeal under either N.J.S.A. 54:3-21(a) or the reasoning from Centorino, supra, 18 N.J. Tax 303, and Camden Masonic Ass'n, supra, 9 N.J. Tax 331, were sufficient and do not run afoul of any constitutional notions of due process.

A-3986-07T2

II.

Beach Creek's second argument is that the forty-five day limitation on appeal under N.J.S.A. 54:3-21(a) is inapplicable to a taxpayer who never received a Chapter 75 Notice from the taxing authority. In support of that position, Beach Creek relies primarily on the holding in Centorino, supra, 18 N.J. Tax at 303. Centorino is distinguishable, however, for the reasons discussed herein, and Beach Creek is accurate in that the timeframe for appeal under N.J.S.A. 54:3-21(a) does not apply in this case.

First, regarding the inapplicability of Centorino, the municipality mailed the Chapter 75 notice to the wrong owner. Thereafter, realizing its mistake, the notice was sent to the taxpayer on August 1, 1998. Id. at 306. The taxpayer subsequently appealed the assessment twenty-three days later. Id. at 308. The County Board of Taxation found that the taxpayer appealed the assessment in an untimely fashion. Id. at 316. On appeal, the municipality contended that N.J.S.A. 54:3-21 did not apply and the court agreed.

A-3986-07T2

At that time, the discretionary function of the County Board of Taxation was governed by N.J.S.A. 54:3-21.4.[5] After finding that the forty-five day appeal period under N.J.S.A. 54:3-21 did not apply because the decision to extend the appeal period was governed by Section 21.4, and that N.J.S.A. 54:3-21.5 was inapplicable, the court went on to hold that forty-five days would, indeed, be a reasonable amount of time and that under N.J.S.A. 54:3-21.4, the county board could have properly extended the time of appeal due to the municipality's failures. Centorino, supra, 18 N.J. Tax at 315.

A similar result was reached in Regent Care Ctr. v. Hackensack City, 18 N.J. Tax 320 (Tax Ct. 1999). In that case, the taxpayer received a property tax assessment notice that

_____

[5] That section, which has been repealed, provided that:

> Notwithstanding the provisions of any law, rule or regulation to the contrary, a county board of taxation may, upon the written application of the taxpayer and the approval of the Director of the Division of Taxation, whenever a local assessor fails, for any reason, to mail or otherwise deliver a notification of assessment or change in assessment, extend the time for appeal provided in R.S. 54:3-21 for any taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county.

> [N.J.S.A. 54:3-21.4 (emphasis added).]

A-3986-07T2

erroneously understated the assessment by several million dollars. Id. at 322. The tax assessor claimed that upon realizing the mistake, a second assessment was mailed; the taxpayer contended that it never received the second notice. Ibid. The taxpayer argued that its first notice of the increased assessment occurred when the third quarter tax bill was mailed, which was sometime in "late July" 1997. Id. at 323. Finding that the taxpayer never received any accurate Chapter 75 notice, the court went on to hold that N.J.S.A. 54:3-21 did not apply, but that forty-five days would be a reasonable timeframe in which to appeal. Id. at 325. Because the taxpayer failed to appeal within that "reasonable" timeframe, appealing forty-eight days later, the matter was dismissed.

Beach Creek also relies on Simon v. Chicago Title Ins. Co., 363 N.J. Super. 582 (App. Div. 2003), a case involving the sale of a tax title lien. In that case, the State owned the property in question and with it came a tax exempt status. Id. at 583. However, in 1995 and 1996, there was some confusion by the tax assessor's office, and taxes for the property were assessed against "Inman, William A., et al, unknown address," which was a mistake, and the taxes were not paid. Id. at 585.

Thereafter the township in which the property sat offered for sale, a tax title lien on the property. Ibid. In 1996, the

A-3986-07T2

property was purchased, and the purchaser pursued a foreclosure action and ultimately, obtained a favorable judgment. Following the foreclosure, the purchaser found out that the title was not clear because of the State's ownership interest. Ibid.

The purchaser sued the insurance company that conducted the title search, who, in turn, sued the township. The trial court found that the taxes assessed to "Inman, William A., et al, unknown address," were erroneous and that the tax sale and subsequent foreclosure were void. Ibid.

On appeal, the township argued that the State should have appealed the assessment. Rejecting the assertion by the municipality, the court held that the State was never provided with notice. It never received a tax bill nor did it receive a notice of change in assessment. Id. at 586. Therefore, the State did not sit on its rights and as a result, nothing in N.J.S.A. 54:3-21 should be read to create a windfall for taxes to the township to which it was never entitled. Id. at 588.

Simon is distinguishable in that the State had no notice at all of the assessment or tax sale and, thus, the appeal provisions of N.J.S.A. 54:3-21 could not serve to validate the erroneously issued taxes and subsequent tax sale.

Generally, the forty-five day period prescribed under N.J.S.A. 54:3-21 is applicable in three situations, none of

A-3986-07T2

which is directly implicated in this case. First, a taxpayer has until April 1 to appeal an assessment; both parties agree this was not possible in this case because Beach Creek did not physically receive the Chapter 75 Notice. Second, if the annual assessment was not received in time to appeal the assessment a taxpayer has forty-five days from the date of bulk mailing to contest the assessment.[6]  Third, and finally, a taxpayer has forty-five days from receipt of actual notice to challenge a change of assessment notice.  <u>Ibid.</u>

Here, the judge found that Beach Creek had received the notice on or before December 1, 2006, albeit from First Community. Nevertheless, even if the court were to decline to accept that finding, rendering <u>N.J.S.A.</u> 54:3-21 inapplicable, the judge also found that Beach Creek received actual notice of the assessment on December 1, 2006, at the latest. This determination was based, in large part, on the credibility, or lack thereof, of Cocoziello. Therefore, applying the forty-five day appeal period employed in both <u>Regent Care Ctr.</u> and <u>Centorino</u>, under principles of fairness, that same timeframe would have required Beach Creek to file its tax appeal by January 16, 2007.

---

[6] The City of North Wildwood mailed its bulk Notice of Assessment in mid-February 2006.

A-3986-07T2

III.

The final argument offered by Beach Creek is that the judge's decision violated its equal protection rights. Specifically, Beach Creek contends that the judge's description of Cocoziello as a "sophisticated" real estate developer evinces a bias and consequently unequal treatment of him - as opposed to a less sophisticated taxpayer. For the following reasons, this argument fails.

Under the New Jersey Constitution, all real property is to be:

> assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.

> [N.J. Const. art. VIII, § 1, ¶ 1(a).]

Similarly-situated taxpayers must be treated in the same fashion. Twp. of W. Milford v. Van Decker, 120 N.J. 354, 361 (1990) (stating that "[e]quality of treatment in sharing the duty to pay real estate taxes is a constitutional right.") (quoting Murnick v. Asbury Park, 95 N.J. 452, 458 (1984)).

In support of its position, Beach Creek cites primarily to Simon, supra, 363 N.J. Super. at 582. Beach Creek contends that

A-3986-07T2

the "sophisticated" taxpayer in that case, the State, was not held to a higher standard than a taxpayer with less resources and sophistication. Plaintiff's reading of the case is accurate. In Simon, the court held that:

> In the case before us, the State was out of the loop. It was not "called upon to pay tax bills." It received none. Nor did it receive notice of a change in assessment status. Acceptance of the Township's argument would require the State to scour the assessment records each year of every municipality in which it owns property to assure itself that local assessors have not incorrectly assessed its property to third parties and file an appeal in any such instance. There is no basis to impose such an obligation on the State or other public entities to protect against assessors' mistakes.

> [Id. at 586-87.]

Therefore, as a general proposition, in light of both Article VIII and Simon, it is true, both in terms of financial obligations and affirmative obligations, that all taxpayers must be treated equally.

In this case, neither of those concerns have been demonstrated. Specifically, there has been no evidence presented that any other taxpayer who received a late notice was given more time to contest the notice by virtue of their "sophistication." Moreover, the judge's decision simply does not put any greater burden on Beach Creek than permitted by law.

A-3986-07T2

That is, the judge gave Beach Creek the benefit of the doubt and utilized the latest possible date of actual notice that was supported by the evidence.

Therefore, having properly balanced the principles of fairness discussed in Regent Care Ctr., supra, 18 N.J. Tax 320, with the need to have tax issues resolved in a timely fashion, see McCullough Transp. Co., supra, 113 N.J. Super. at 353, the forty-five day appeal period utilized by the Tax Court was proper and did not violate Beach Creek's constitutional rights.

In light of Beach Creek's actual notice, received at the latest on December 1, 2006, and likely well before forty-five days, was the statutory maximum time for its appeal of the assessment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3986-07T2

**EXHIBIT I**

**DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM**
*CASE INFORMATION STATEMENT (CIS-*

<u>*To be attached to FACE of complaint (Type or Print)*</u>
Address of Attorney (List your address if you are not represented by an attorney):
   Michael I. Schneck, Esq.
Schneck Holtzman LLC
33 Clinton Road
West Caldwell, New Jersey 07006
Phone Number: (973) 575-1700

---

*A.*   *Please check ONE of the following case types and the filing fee:*

| | |
|---|---|
| __X__ Direct Appeal | ____ Added or Omitted Assessment |
| ____ Appeal from County Tax Board Judgment | ____ Farmland Qualification |
| ____ Correction of Error | ____ Farmland Rollback |
| ____ Exemption | ____ Other |

**NOTE:** In order to proceed in the Small Claims Division, the property at issue must be
a class 2 property (1-4 family residence) or a class 3A farm residence.

Filing Fee Submitted   $ 200.00       Check/Other _____  Atty. Charge Account #: _____

---

*B.*   *Fill in the following for all cases:*

1.  Plaintiff:       BEACH CREEK MARINA

   Defendant:      City of North Wildwood

2.  County:   CAPE MAY     Block  152      Lot  1       Unit

3.  Assessment Year in contest:  2007

4.  Property Address:  610 NEW YORK AVENUE

5.  Property Type:   Commercial

6.  Is plaintiff the:   Owner __X__   Tenant ____   Other: ____

7.  Is an exemption claimed?  Yes _____  No _____  Type: _____

* If more than one assessed property is included in the Complaint, are they contiguous AND in common ownership? _____ Yes
 _X_ No. (Attach individual Case Information Statements for each separately assessed parcel. If multiple condominium units, attach
the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE).

---

*C.*   *Fill in the following for all Case Types except Farmland Rollback:*

| | | |
|---|---|---|
| * The original assessment for the year set forth in No. 3 above | Land | $13,681,300 |
| | Improvement | $607,600 |
| | Exemption | n/a |
| | Total | $14,288,900 |
| * County Tax Board assessment for the year set forth in No. 3 above: | Land | |
| | Improvement | |
| | Exemption | n/a |
| | Total | |

---

D.    *Fill in the following only for Farmland Rollback:*

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|-------------------------------|
|      |                              |                          |                               |
|      |                              |                          |                               |
|      |                              |                          |                               |

E.    *Fill in the following only for an Added Assessment:*

* Said property is the subject of an added assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**

Improvements        $ _____

Prorated Assmt.        _____

for _____ months

**COUNTY TAX BOARD JUDGMENT:**

Improvements        $ _____

Prorated Assmt.        _____

for _____ months

*Fill in the following only for an Omitted or Omitted/Added Assessment:*

* Said property is the subject of an _____ assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**

Land            $ _____

Improvements        $ _____

Prorated Assmt.        _____

for _____ months

**COUNTY TAX BOARD JUDGMENT:**

Land            $ _____

Improvements        $ _____

Prorated Assmt.        _____

for _____ months

* Do you or your client have any needs under the Americans with Disabilities Act? _____ Yes __X__ No
If yes, please identify any requirements or accommodations you may require under the Americans with
Disabilities Act.

_____

_____

* Will an interpreter be needed? _____ Yes __X__ No

If yes, for what language: _____

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

Name of Plaintiff: BEACH CREEK MARINA
Attorney: Michael I. Schneck, Esq
SCHNECK HOLTZMAN LLC
Address: 33 Clinton Road, Suite 108
West Caldwell, New Jersey 07006
Telephone Number: (973) 575-1700

TAX COURT OF NEW JERSEY
DOCKET NO.:

BEACH CREEK MARINA

        Plaintiff,

vs.

City of North Wildwood

        Defendant.

Civil Action

**COMPLAINT**
(Real Property Tax)

1.    Plaintiff is the taxpayer of the property shown on the local property tax case information statements attached to the face of the complaint.

2.    Plaintiff contests the action of the CAPE MAY County Board of Taxation with respect to the assessments, or the assessments if a direct appeal, on the ground that the assessments are in excess of the true or assessable value of the property.

3.    This complaint pertains to 1 separately assessed parcel

4.    Are any prior years pending in the Tax Court for the same property?  If yes, list assessment year(s): 2006s

5.    Additional allegations, if any are set forth in the attached Rider.

WHEREFORE, Plaintiff demands judgment reducing the said assessments to the correct assessable value of the said property and such other relief as may be appropriate.

Dated: March 3, 2007

MICHAEL I. SCHNECK
Attorney for Plaintiff

PROOF OF SERVICE

1.  On March 3, 2007, I, the undersigned, served upon the Clerk of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

2.  On March 3, 2007, I, the undersigned, served upon the Administrator of the CAPE MAY County Board of Taxation by ordinary mail a copy of the within Complaint.

3.  On March 3, 2007, I, the undersigned, served upon the Assessor of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MICHAEL I. SCHNECK
Attorney for Plaintiff

Dated: March 3, 2007

# DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM
*CASE INFORMATION STATEMENT (CIS-LP)*

*To be attached to FACE of complaint (Type or Print)*
Address of Attorney (List your address if you are not
represented by an attorney):

JUL 10 2007

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE

4303 New Jersey Avenue, P.O. Box 789, Wildwood, New Jersey, 08260

Phone Number:  (609) 522-0511
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Please check ONE of the following case types and the filing fee:*

|  | | |
|---|---|---|
| X | Direct Appeal | _____ Added or Omitted Assessment |
| _____ | Appeal from County Tax Board Judgment | _____ Farmland Qualification |
| _____ | Correction of Error | _____ Farmland Rollback |
| _____ | Exemption | _____ Other |

NOTE:  In order to proceed in the Small Claims Division, the property at issue must be a class 2 property (1-4 family residence) or a class 3A farm residence.

Filing Fee submitted $ _____  Check/other  N/A  Atty Charge Acct. # _____

*Fill in the following for all cases:*

Plaintiff:  **Beach Creek Marina**                         RECEIVED

Defendant:  **City of North Wildwood**

County:  Cape May         Block  152    Lot  1    Unit    MAR 2 6 2007

Assessment year in contest:        2007

Property Address:  610 New York Avenue, North Wildwood         TAX COURT OF NJ

Property Type:  (check one)

|  | | |
|---|---|---|
| _____ | Industrial | _____ Vacant Land |
| _____ | 1-4 Family Residence (class 2) | _____ Multi-Unit Residential (over 4 Units) |
| _____ | Farm Residence (class 3A) | _____ Farmland |
| X | Commercial | _____ Other |

Is plaintiff the: Owner  X    Tenant _____   Other _____?

Is an exemption claimed? Yes _____   No  X   Type: _____

If more than one assessed property is included in the complaint, are they contiguous AND in common ownership? _____ Yes _____ No  (Attach individual Case Information Statements for each separately assessed parcel. If multiple condominium units, attach the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE.)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Fill in the following for all Case Types except Farmland Rollback:*

The original assessment for the year set forth in No. 3 above:

| | |
|---|---|
| Land | $ 13,681,300.00 |
| Improvements | 607,600.00 |
| Exemption | ------------- |
| Total | 14,288,900.00 |

County Tax Board assessment for the year set forth in No. 3 above:

| | |
|---|---|
| Land | $ Direct Appeal |
| Improvements | _____ |
| Exemption | _____ |
| Total | _____ |

*Fill in the following <u>only</u> for Farmland Rollback:*

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|-------------------------------|
|      |                              |                          |                               |
|      |                              |                          |                               |
|      |                              |                          |                               |

*Fill in the following <u>only</u> for an Added Assessment:*

aid property is the subject of an added assessment for the

ssessment year _____ as follows:

GINAL ASSESSMENT:

rovements   $ _____

rated Assmt. _____

_____ months

COUNTY TAX BOARD JUDGMENT:

Improvements   $ _____

Prorated Assmt. _____

for _____ months

*l in the following <u>only</u> for an Omitted or Omitted/Added Assessment:*

aid property is the subject of an _____ assessment for the

ssessment year _____ as follows:

GINAL ASSESSMENT:

d       $ _____

rovements  $ _____

rated Assmt. _____

_____ months

COUNTY TAX BOARD JUDGMENT:

Land       $ _____

Improvements   $ _____

Prorated Assmt. _____

for _____ months

Do you or your client have any needs under the Americans with Disabilities Act?
_____ Yes __X__ No  If yes, please identify any requirements or accommodations you
may require under the Americans with Disabilities Act.

_____

_____

Will an interpreter be needed? _____ Yes __X__ No

If yes, for what language: _____

Make Filing Fee Checks payable to: Treasurer, State of New Jersey
1 (1/05)

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE
3303 New Jersey Avenue
P.O. Box 789
Wildwood, NJ 08260
Attorney for Defendant

| | |
|---|---|
| BEACH CREEK MARINA,<br>229 E. 1st Avenue<br>North Wildwood, New Jersey 08260<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF NORTH WILDWOOD,<br>901 Atlantic Avenue<br>North Wildwood, NJ 08260<br><br>Defendant. | TAX COURT OF NEW JERSEY<br><br>DOCKET #<br><br>Block 152<br>Lot 1<br><br>Civil Action<br><br>**ANSWER AND<br>COUNTERCLAIM<br>(Real Property Tax)** |

The defendant, City of North Wildwood, having municipal offices located at 901 Atlantic Avenue, North Wildwood, New Jersey, 08260, by way of answer to the plaintiff's complaint, says:

## COUNT I

1.    Admitted.

2.    Denied as to the allegation that the assessment is in excess of the true assessable value of the property and that plaintiff is discriminated against by such assessment.

3.    Admitted.

1

4.     Admitted.

5.     No rider is annexed to the complaint requiring answer.

WHEREFORE, defendant demands judgment dismissing the complaint along with such other relief as may be appropriate.

## COUNTERCLAIM

Defendant, City of North Wildwood, by way of counterclaim against plaintiffs, says:

## COUNT ONE

1.     Defendant is the taxing district for the property designated as Block 152, Lot 1 (610 New York Avenue, North Wildwood, New Jersey, 08260) as shown on the information schedule attached to the face of this pleading.

2.     Defendant contests the assessment of the property shown on the information schedule attached to the face of this pleading on the ground that the assessment is less than the true or assessable value of the property.

3.     This counterclaim pertains to one separately assessed parcel, the assessment for which exceeds $750,000.00.

4.     Additional allegations, if any, are set forth in a rider attached hereto.

WHEREFORE, defendant demands judgment increasing the said assessment to the correct assessable value of the said property and such other relief as may be appropriate.

CAFIERO & BALLIETTE

Dated: *March 21, 2007*

By: *William J. Kaufmann*
William J. Kaufmann, Esquire
Attorney for defendant

## NOTICE OF TRIAL COUNSEL

Please take notice that William J. Kaufmann, Esquire of the law firm of

Cafiero & Balliette hereby is designated as trial counsel for the answering defendant in

the above-captioned litigation pursuant to R. 4:25-4.

## CERTIFICATION PER RULE 4:5-1(b)(2)

1. I am an attorney-at-law of the State of New Jersey, counsel for the answering

defendant, City of North Wildwood.

2. The matter in controversy is neither the subject of any other action pending in

any court or of a pending arbitration proceeding, nor is any other action or arbitration

proceeding contemplated.

3. I certify that the foregoing statements made by me are true. I am aware that if

any of the foregoing statements made by me are willfully false, I am subject to

punishment.

CAFIERO & BALLIETTE

Dated: _March 21, 2007_                    By: _William J. Kaufmann_

William J. Kaufmann, Esquire
Attorney for defendant

3

## PROOF OF MAILING

On *March 21*, **2007**, I, the undersigned, served a copy of the within

Answer and Counterclaim, together with a copy of the Case Information Statement upon

the persons listed below, via regular mail, as follows:

Michael I. Schneck, Esquire
SCHNECK HOLTZMAN, LLC
33 Clinton Road
West Caldwell, New Jersey  07006

Janet H. Harkins, City Clerk
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey  08260

Louis Belasco, C.T.A.
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey  08260

George R. Brown, III, Administrator
CAPE MAY COUNTY BOARD OF TAXATION
Central Mail Room
DN 303
4 Moore Road
Cape May Court House, New Jersey  08210

     I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: *March 21, 2007*

                                Mary M. Van Order, Secretary for
                                William J. Kaufmann, Esquire
                                Attorney for defendant

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM
### CASE INFORMATION STATEMENT (CIS-)

<u>*To be attached to FACE of complaint (Type or Print)*</u>

Address of Attorney  (List your address if you are not represented by an attorney):
  Michael I. Schneck, Esq.
  Schneck Holtzman LLC
  33 Clinton Road
  West Caldwell, New Jersey 07006
  Phone Number:  (973) 575-1700

*A.*  *Please check ONE of the following case types and the filing fee:*

|  |  |  |  |
|---|---|---|---|
| _X_ | Direct Appeal | ___ | Added or Omitted Assessment |
| ___ | Appeal from County Tax Board Judgment | ___ | Farmland Qualification |
| ___ | Correction of Error | ___ | Farmland Rollback |
| ___ | Exemption | ___ | Other |

**NOTE:  In order to proceed in the Small Claims Division, the property at issue must be
        a class 2 property (1-4 family residence) or a class 3A farm residence.**

Filing Fee Submitted   $ 200.00          Check/Other _____  Atty. Charge Account #: _____

*B.*  *Fill in the following for all cases:*

1.  Plaintiff:          BEACH CREEK MARINA

    Defendant:          City of North Wildwood

2.  County:  CAPE MAY          Block  _152_          Lot _1_          Unit

3.  Assessment Year in contest:   2008

4.  Property Address:   610 NEW YORK AVENUE

5.  Property Type:    Commercial

6.  Is plaintiff the:    Owner  _X_    Tenant ___    Other: ___

7.  Is an exemption claimed?    Yes _____    No _____    Type: _____

* If more than one assessed property is included in the Complaint, are they contiguous AND in common ownership? _____  Yes
  _X_ No. (Attach individual Case Information Statements for each separately assessed parcel.  If multiple condominium units, attach
  the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE).

*C.*  *Fill in the following for all Case Types except Farmland Rollback:*

| | | |
|---|---|---:|
| * The original assessment for the year set forth in No. 3 above | Land | $13,681,300 |
| | Improvement | $607,600 |
| | Exemption | n/a |
| | Total | $14,288,900 |
| * County Tax Board assessment for the year set forth in No. 3 above: | Land | |
| | Improvement | |
| | Exemption | n/a |
| | Total | |

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|--------------------------------|
|      |                              |                          |                                |
|      |                              |                          |                                |
|      |                              |                          |                                |

E.    Fill in the following _only_ for an Added Assessment:

* Said property is the subject of an added assessment for the assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                    **COUNTY TAX BOARD JUDGMENT:**

Improvements        $ _____        Improvements        $ _____

Prorated Assmt.        _____        Prorated Assmt.        _____

for _____ months                            for _____ months

_Fill in the following only for an Omitted or Omitted/Added Assessment:_

* Said property is the subject of an _____ assessment for the assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                    **COUNTY TAX BOARD JUDGMENT:**

Land            $ _____            Land            $ _____

Improvements        $ _____        Improvements        $ _____

Prorated Assmt.        _____        Prorated Assmt.        _____

for _____ months                            for _____ months

* Do you or your client have any needs under the Americans with Disabilities Act? _____ Yes __X__ No
If yes, please identify any requirements or accommodations you may require under the Americans with Disabilities Act.

_____

_____

* Will an interpreter be needed?    _____ Yes __X__ No

If yes, for what language: _____

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

Name of Plaintiff:  BEACH CREEK MARINA
Attorney:  Michael I. Schneck, Esq
SCHNECK HOLTZMAN LLC
Address:  33 Clinton Road, Suite 108
West Caldwell, New Jersey 07006
Telephone Number:  (973) 575-1700

_____

TAX COURT OF NEW JERSEY
DOCKET NO.:

BEACH CREEK MARINA

      Plaintiff,                        Civil Action

vs.                                 **COMPLAINT**
(Real Property Tax)

City of North Wildwood

      Defendant.

_____

1.    Plaintiff is the taxpayer of the property shown on the local property tax case information statements attached to the face of the complaint.

2.    Plaintiff contests the action of the CAPE MAY County Board of Taxation with respect to the assessments, or the assessments if a direct appeal, on the ground that the assessments are in excess of the true or assessable value of the property.

3.    This complaint pertains to 1 separately assessed parcel

4.    Are any prior years pending in the Tax Court for the same property?  If yes, list assessment year(s):  2006 2007s

5.    Additional allegations, if any are set forth in the attached Rider,

WHEREFORE, Plaintiff demands judgment reducing the said assessments to the correct assessable value of the said property and such other relief as may be appropriate.

Dated:  March 11, 2008

MICHAEL I. SCHNECK
Attorney for Plaintiff

PROOF OF SERVICE

1.  On March 11, 2008, I, the undersigned, served upon the Clerk of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

2.  On March 11, 2008, I, the undersigned, served upon the Administrator of the CAPE MAY County Board of Taxation by ordinary mail a copy of the within Complaint.

3.  On March 11, 2008, I, the undersigned, served upon the Assessor of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

I certify that the foregoing statements made by me are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MICHAEL I. SCHNECK
Attorney for Plaintiff

Dated: March 11, 2008



**Tax Court of New Jersey**

Differentiated Case Management Pilot

Case Information Statement (CIS-LP)



RECEIVED

APR 21 2008

TAX COURT OF NJ

INSTRUCTIONS: TO BE ATTACHED TO FACE OF COMPLAINT (TYPE OR PRINT)

| | |
|---|---|
| Attorney Name (List your information if you are not represented by an attorney)<br>William J. Kaufmann, Esquire | |
| Street<br>3303 New Jersey Avenue | |

| City<br>Wildwood | State<br>NJ | Zip<br>08260 | Telephone Number<br>(609) 522-0511 |
|---|---|---|---|

**PART A. PLEASE CHECK ONE OF THE FOLLOWING CASE TYPES AND THE FILING FEE**

☒ Direct Appeal  ☐ Added or Omitted Assessment
☐ Appeal from County Tax Board Judgment  ☐ Farmland Qualification
☐ Correction of Error  ☐ Farmland Rollback
☐ Exemption  ☐ Other

In order to proceed in the Small Claims Division, the property at issue must be a (check one)
☐ class 2 property (1-4 family residence)  or a  ☐ class 3A farm residence

| Filing Fee Submitted<br>$ | Check / other | Attorney Charge Account # |
|---|---|---|

**PART B. FILL IN THE FOLLOWING FOR ALL CASES**

| 1. Plaintiff<br>Beach Creek Marina | Defendant<br>City of North Wildwood | | |
|---|---|---|---|
| 2. County<br>Cape May | Block<br>152 | Lot<br>1 | Unit |

3. Assessment year(s) in contest
2008

4. Property Address
610 New York Avenue

5. Property Type (check one)
☐ Industrial  ☐ Multi-Unit Residential (over 4 Units)
☐ 1-4 Family Residence (class 2)  ☐ Vacant Land
☐ Farm Residence (class 3A)  ☐ Farmland
☐ Vacant land used as part of a 1-4 family residence  ☒ Other

6. Is plaintiff the
☒ Owner  ☐ Tenant  ☐ Other _____

7. Is an exemption claimed?
☐ Yes  ☒ No  ☐ Type _____

If more than one assessed property is included in the complaint, are they contiguous **and in common ownership?**
☐ Yes  ☐ No

Attach individual Case Information Statements for each separately assessed parcel. If multiple condominium units, attach the Condominium / Multiple Assessment Schedule.

PART C. FILL IN THE FOLLOWING FOR ALL CASE TYPES EXCEPT FARMLAND ROLLBACK

Assessment for the year set forth in No. 3 above

| Original Assessment | | County Tax Board Assessment | |
|---|---|---|---|
| Land | 13,681,300.00 | Land | |
| Improvements | 607,600.00 | Improvements | |
| Exemption | | Exemption | |
| Total | $14,288,900.00 | Total | $0.00 |

PART D. FILL IN THE FOLLOWING ONLY FOR FARMLAND ROLLBACK

| Year | Non Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

PART E. FILL IN THE FOLLOWING:

FOR ADDED ASSESSMENT ONLY

Said property is the subject of an added assessment for the assessment year _____ as follows:

| Original Assessment | | County Tax Board Judgment | |
|---|---|---|---|
| Improvements $ | | Improvements $ | |
| Prorated Assmt. | | Prorated Assmt. | |
| for _____ months | | for _____ months | |

FOR OMITTED OR OMITTED/ADDED ASSESSMENT ONLY

Said property is the subject of an added assessment for the assessment year _____ as follows:

| Original Assessment | | County Tax Board Judgment | |
|---|---|---|---|
| Land | $ | Land | $ |
| Improvements | $ | Improvements | $ |
| Prorated Assmt. | | Prorated Assmt. | |
| for _____ months | | for _____ months | |

Do you or your client have any needs under the Americans with Disabilities Act?   ☐ Yes   ☒ No
If yes, please identify any requirements or accommodations you may require.

Will an interpreter be needed?   ☐ Yes   ☒ No    If yes, for what language _____

PLEASE NOTE: Only an interpreter registered with the Administrative Office of the Courts may be used during a court proceeding.

Make Filing Fee checks payable to: **Treasurer, State of New Jersey**

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE
3303 New Jersey Avenue
P.O. Box 789
Wildwood, NJ 08260
Attorney for Defendant

---

| | |
|---|---|
| BEACH CREEK MARINA,<br>229 E. 1st Avenue<br>North Wildwood, New Jersey 08260 | TAX COURT OF NEW JERSEY<br><br>DOCKET # 003414-2008 |
| Plaintiffs, | Block 152<br>Lot 1 |
| vs. | Civil Action |
| CITY OF NORTH WILDWOOD,<br>901 Atlantic Avenue<br>North Wildwood, NJ 08260 | **ANSWER AND<br>COUNTERCLAIM<br>(Real Property Tax)** |
| Defendant. | |

The defendant, City of North Wildwood, having municipal offices located at 901 Atlantic Avenue, North Wildwood, New Jersey, 08260, by way of answer to the plaintiff's complaint, says:

### COUNT I

1.    Admitted.

2.    Denied as to the allegation that the assessment is in excess of the true assessable value of the property and that plaintiff is discriminated against by such assessment.

3.    Admitted.

1

4.      Admitted.

5.      No rider is annexed to the complaint requiring answer.

WHEREFORE, defendant demands judgment dismissing the complaint along with such other relief as may be appropriate.

## COUNTERCLAIM

Defendant, City of North Wildwood, by way of counterclaim against plaintiffs, says:

## COUNT ONE

1.      Defendant is the taxing district for the property designated as Block 152, Lot 1 (610 New York Avenue, North Wildwood, New Jersey, 08260) as shown on the information schedule attached to the face of this pleading.

2.      Defendant contests the assessment of the property shown on the information schedule attached to the face of this pleading on the ground that the assessment is less than the true or assessable value of the property.

3.      This counterclaim pertains to one separately assessed parcel, the assessment for which exceeds $750,000.00.

4.      Additional allegations, if any, are set forth in a rider attached hereto.

WHEREFORE, defendant demands judgment increasing the said assessment to the correct assessable value of the said property and such other relief as may be appropriate.

Dated: *April 17, 2008*

CAFIERO & BALLIETTE

By: *William J. Kaufmann*

William J. Kaufmann, Esquire
Attorney for defendant

LAW OFFICES
*fiero and Balliette*
03 NEW JERSEY AVENUE
P. O. BOX 789
/ILDWOOD, N. J. 08260

2

## NOTICE OF TRIAL COUNSEL

Please take notice that William J. Kaufmann, Esquire of the law firm of Cafiero & Balliette hereby is designated as trial counsel for the answering defendant in the above-captioned litigation pursuant to R. 4:25-4.

## CERTIFICATION PER RULE 4:5-1(b)(2)

1. I am an attorney-at-law of the State of New Jersey, and represent the answering defendant, City of North Wildwood.

2. The matter in controversy is neither the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. I am not aware of any other parties who should be joined in this litigation.

4. I understand that I have a continuing obligation during the course of this litigation to file and serve all other parties and the Court if there is a change in the facts that are contained in this certification.

5. The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me willfully are false I am subject to punishment.

CAFIERO & BALLIETTE

Dated: *April 17, 2008*

By: _William J. Kaufmann_
William J. Kaufmann, Esquire
Attorney for defendant

## PROOF OF MAILING

On *April 17*_____, **2008**, I, the undersigned, served a copy of the within

Answer and Counterclaim, together with a copy of the Case Information Statement upon

the persons listed below, via regular mail, as follows:

Michael I. Schneck, Esquire
SCHNECK HOLTZMAN, LLC
33 Clinton Road
West Caldwell, New Jersey 07006

Janet H. Harkins, City Clerk
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey 08260

Louis Belasco, C.T.A.
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey 08260

George R. Brown, III, Administrator
CAPE MAY COUNTY BOARD OF TAXATION
Central Mail Room
DN 303
4 Moore Road
Cape May Court House, New Jersey 08210

I certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: *4/17/08*

Michelle M. Hunt, Secretary for
William J. Kaufmann, Esquire
Attorney for defendant

4

DIFF___ ___NTIATED CASE MANAGEMENT ___ ___T PROGRAM
*___SE INFORMATION STATEMENT (CIS-LP)*

**To be attached to FACE of complaint (Type or Print)**
Address of Attorney  (List your address if you are not represented by an attorney):
  Michael I. Schneck, Esq.
  Schneck Holtzman LLC
  301 South Livingston Avenue, Suite 105
  Livingston, New Jersey 07039
  Phone Number: (973) 533-9300

**A.**  *Please check ONE of the following case types and the filing fee:*

| | | | |
|---|---|---|---|
| _X_ | Direct Appeal | ____ | Added or Omitted Assessment |
| ____ | Appeal from County Tax Board Judgment | ____ | Farmland Qualification |
| ____ | Correction of Error | ____ | Farmland Rollback |
| ____ | Exemption | ____ | Other |

NOTE:  In order to proceed in the Small Claims Division, the property at issue must be
a class 2 property (1-4 family residence) or a class 3A farm residence.

Filing Fee Submitted   $ 200.00          Check/Other _____   Atty. Charge Account #: _____

**B.**    *Fill in the following for all cases:*

  1.  Plaintiff:          BEACH CREEK MARINA

      Defendant:          City of North Wildwood

  2.  County:   CAPE MAY          Block  _152_          Lot _1_          Unit ____

  3.  Assessment Year in contest:   2009

  4.  Property Address:   610 NEW YORK AVENUE

  5.  Property Type:    Commercial

  6.  Is plaintiff the:    Owner  _X_    Tenant ___    Other: ___

  7.  Is an exemption claimed?    Yes _____   No _____   Type: _____

  * If more than one assessed property is included in the Complaint, are they contiguous AND in common ownership? _____  Yes
  _X_ No. (Attach individual Case Information Statements for each separately assessed parcel.  If multiple condominium units, attach
  the CONDOMINIUM/MULTIPLE ASSESSMENT SCHEDULE).

**C.**    *Fill in the following for all Case Types except Farmland Rollback:*

| | | |
|---|---|---|
| * The original assessment for the year set forth in No. 3 above | Land | $13,681,300 |
| | Improvement | $607,600 |
| | Exemption | n/a |
| | Total | $14,288,900 |
| * County Tax Board assessment for the year set forth in No. 3 above: | Land | |
| | Improvement | |
| | Exemption | n/a |
| | Total | |

D.    *Fill in the following __only fo__ `rmland Rollback:*

| Year | Non-Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|------|------------------------------|--------------------------|--------------------------------|
|      |                              |                          |                                |
|      |                              |                          |                                |
|      |                              |                          |                                |

E.    *Fill in the following __only for an Added Assessment:__*

* Said property is the subject of an added assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                    **COUNTY TAX BOARD JUDGMENT:**

Improvements         $ _____     Improvements        $ _____

Prorated Assmt.        _____      Prorated Assmt.       _____

for _____ months                             for _____ months

*Fill in the following __only for an Omitted or Omitted/Added Assessment:__*

* Said property is the subject of an _____ assessment for the
assessment year _____ as follows:

**ORIGINAL ASSESSMENT:**                    **COUNTY TAX BOARD JUDGMENT:**

Land              $ _____        Land             $ _____

Improvements      $ _____        Improvements     $ _____

Prorated Assmt.     _____         Prorated Assmt.    _____

for _____ months                             for _____ months

* Do you or your client have any needs under the Americans with Disabilities Act? _____ Yes __X__ No
If yes, please identify any requirements or accommodations you may require under the Americans with
Disabilities Act.

_____

_____

_____

* Will an interpreter be needed?     _____ Yes __X__ No

If yes, for what language: _____

## DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

Name of Plaintiff:  BEACH CREEK MARINA
Attorney:  Michael I. Schneck, Esq
SCHNECK HOLTZMAN LLC
Address:  301 South Livingston Avenue, Suite 105
Livingston, New Jersey 07039
Telephone Number:  (973) 533-9300

_____    TAX COURT OF NEW JERSEY
DOCKET NO.:

BEACH CREEK MARINA

        Plaintiff,                      Civil Action

vs.                               **COMPLAINT**
(Real Property Tax)

City of North Wildwood

        Defendant.

_____

1.    Plaintiff is the taxpayer of the property shown on the local property tax case information statements attached to the face of the complaint.

2.    Plaintiff contests the action of the CAPE MAY County Board of Taxation with respect to the assessments, or the assessments if a direct appeal, on the ground that the assessments are in excess of the true or assessable value of the property.

3.    This complaint pertains to 1 separately assessed parcel

4.    Are any prior years pending in the Tax Court for the same property?  If yes, list assessment year(s):  2006 2007 2008s

5.    Additional allegations, if any are set forth in the attached Rider.

WHEREFORE, Plaintiff demands judgment reducing the said assessments to the correct assessable value of the said property and such other relief as may be appropriate.

Dated:  March 10, 2009

_____
MICHAEL I. SCHNECK
Attorney for Plaintiff

PROOF OF SERVICE

1.  On March 10, 2009, I, the undersigned, served upon the Clerk of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

2.  On March 10, 2009, I, the undersigned, served upon the Administrator of the CAPE MAY County Board of Taxation by ordinary mail a copy of the within Complaint.

3.  On March 10, 2009, I, the undersigned, served upon the Assessor of the City of North Wildwood, by ordinary mail, a copy of the within Complaint.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MICHAEL I. SCHNECK
Attorney for Plaintiff

Dated: March 10, 2009

# Tax Court of New Jersey
## Case Information Statement (CIS-LP)

INSTRUCTIONS: TO BE ATTACHED TO FACE OF COMPLAINT (TYPE OR PRINT)

Attorney Name (List your information if you are not represented by an attorney)
William J. Kaufmann, Esquire

Street
3303 New Jersey Avenue

| City | State | Zip | Telephone Number |
|---|---|---|---|
| Wildwood | NJ | 08260 | (609) 522-0511 |

## PART A. PLEASE CHECK ONE OF THE FOLLOWING CASE TYPES AND THE FILING FEE

☒ Direct Appeal
☐ Appeal from County Tax Board Judgment
☐ Correction of Error
☐ Exemption

☐ Added or Omitted Assessment
☐ Farmland Qualification
☐ Farmland Rollback
☐ Other

In order to proceed in the Small Claims Division, the property at issue must be a (check one)
☐ class 2 property (1-4 family residence)   or a   ☐ class 3A farm residence

| Filing Fee Submitted $ | Check / other | Attorney Charge Account # |
|---|---|---|

## PART B. FILL IN THE FOLLOWING FOR ALL CASES

| 1. Plaintiff | Defendant |
|---|---|
| Beach Creek Marina | North Wildwood City |

| 2. County | Block | Lot | Unit |
|---|---|---|---|
| Cape May | 152 | 1 | |

3. Assessment year(s) in contest
2009

4. Property Address
610 New York Avenue

5. Property Type (check one)
☐ Industrial
☐ 1-4 Family Residence (class 2)
☐ Farm Residence (class 3A)
☒ Commercial
☐ Vacant land used as part of a 1-4 family residence

☐ Multi-Unit Residential (over 4 Units)
☐ Vacant Land
☐ Farmland
☐ Other

6. Is plaintiff the
☒ Owner      ☐ Tenant      ☐ Other _____

7. Is an exemption claimed?
☐ Yes      ☒ No      ☐ Type _____

If more than one assessed property is included in the complaint, are they contiguous **and** in common ownership?
☐ Yes   ☐ No

Attach individual Case Information Statements for each separately assessed parcel. If multiple condominium units, attach the Condominium / Multiple Assessment Schedule.

**PART C. FILL IN THE FOLLOWING FOR ALL CASE TYPES EXCEPT FARMLAND ROLLBACK**

Assessment for the year set forth in No. 3 above

| | Original Assessment | | County Tax Board Assessment |
|---|---|---|---|
| Land | $   13,681,300.00 | Land | $ |
| Improvements | $      607,600.00 | Improvements | $ |
| Exemption | $ | Exemption | $ |
| Total | $   $14,288,900.00 | Total | $            $0.00 |

**PART D. FILL IN THE FOLLOWING ONLY FOR FARMLAND ROLLBACK**

| Year | Non Qualified Assessed Value | Qualified Assessed Value | Assessment Subject to Rollback |
|---|---|---|---|
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |

**PART E. FILL IN THE FOLLOWING:**

**FOR ADDED ASSESSMENT ONLY**

Said property is the subject of an added assessment for the assessment year _____ as follows:

| | Original Assessment | | County Tax Board Judgment |
|---|---|---|---|
| Improvements | $ | Improvements | $ |
| Prorated Assmt. | $ | Prorated Assmt. | $ |
| for _____ months | | for _____ months | |

**FOR OMITTED OR OMITTED/ADDED ASSESSMENT ONLY**

Said property is the subject of an added assessment for the assessment year _____ as follows:

| | Original Assessment | | County Tax Board Judgment |
|---|---|---|---|
| Land | $ | Land | $ |
| Improvements | $ | Improvements | $ |
| Prorated Assmt. | $ | Prorated Assmt. | $ |
| for _____ months | | for _____ months | |

Do you or your client have any needs under the Americans with Disabilities Act?   ☐ Yes   ☒ No
If yes, please identify any requirements or accommodations you may require.

Will an interpreter be needed?   ☐ Yes   ☒ No     If yes, for what language _____

PLEASE NOTE: Only an interpreter registered with the Administrative Office of the Courts may be used during a court proceeding.

Make Filing Fee checks payable to: **Treasurer, State of New Jersey**

### DIFFERENTIATED CASE MANAGEMENT PILOT PROGRAM

William J. Kaufmann, Esquire
CAFIERO & BALLIETTE
3303 New Jersey Avenue
P.O. Box 789
Wildwood, NJ 08260
Attorney for Defendant

---

| | |
|---|---|
| BEACH CREEK MARINA,<br>229 E. 1st Avenue<br>North Wildwood, New Jersey 08260<br><br>　　　　Plaintiffs,<br><br>vs.<br><br><br>CITY OF NORTH WILDWOOD,<br>901 Atlantic Avenue<br>North Wildwood, NJ 08260<br><br>　　　　Defendant. | TAX COURT OF NEW JERSEY<br><br>DOCKET #　　　-2009<br><br><br>Block 152<br>Lot 1<br><br>　　　　Civil Action<br><br><br>**ANSWER AND<br>COUNTERCLAIM<br>(Real Property Tax)** |

The defendant, City of North Wildwood, having municipal offices located at 901 Atlantic Avenue, North Wildwood, New Jersey, 08260, by way of answer to the plaintiff's complaint, says:

### COUNT I

1.　　Admitted.

2.　　Denied as to the allegation that the assessment is in excess of the true assessable value of the property and that plaintiff is discriminated against by such assessment.

3.　　Admitted.

1

4.      Admitted as to 2007 and 2008.  As to 2006, said appeal was dismissed by this Court and that decision has been affirmed  by the Superior Court of New Jersey, Appellate Division.

5.      No rider is annexed to the complaint requiring answer.

WHEREFORE, defendant demands judgment dismissing the complaint along with such other relief as may be appropriate.

## COUNTERCLAIM

Defendant, City of North Wildwood, by way of counterclaim against plaintiffs, says:

## COUNT ONE

1.      Defendant is the taxing district for the property designated as Block 152, Lot 1 (610 New York Avenue, North Wildwood, New Jersey, 08260) as shown on the information schedule attached to the face of this pleading.

2.      Defendant contests the assessment of the property shown on the information schedule attached to the face of this pleading on the ground that the assessment is less than the true or assessable value of the property.

3.      This counterclaim pertains to one separately assessed parcel, the assessment for which exceeds $750,000.00.

4.      Additional allegations, if any, are set forth in a rider attached hereto.

WHEREFORE, defendant demands judgment increasing the said assessment to the correct assessable value of the said property and such other relief as may be appropriate.

CAFIERO & BALLIETTE,

Dated:  5-18-09          By: _____
                             William J. Kaufmann, Esquire
                             Attorney for defendant

**NOTICE OF TRIAL COUNSEL**

Please take notice that William J. Kaufmann, Esquire of the law firm of

Cafiero & Balliette hereby is designated as trial counsel for the answering defendant in

the above-captioned litigation pursuant to R. 4:25-4.

**CERTIFICATION PER RULE 4:5-1(b)(2)**

1. I am an attorney-at-law of the State of New Jersey, and represent the

answering defendant, City of North Wildwood.

2. Other than prior tax appeals in th8is Court concerning 2007 and 2008 the

matter in controversy is neither the subject of any other action pending in any court or of

a pending arbitration proceeding, nor is any other action or arbitration proceeding

contemplated.

3. I am not aware of any other parties who should be joined in this litigation.

4. I understand that I have a continuing obligation during the course of this

litigation to file and serve all other parties and the Court if there is a change in the facts

that are contained in this certification.

5. The foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me willfully are false I am subject to punishment.

CAFIERO & BALLIETTE

Dated: _5- 18 - 09_      By: _William J Kauf_

William J. Kaufmann, Esquire
Attorney for defendant

## PROOF OF MAILING

On **May 19**, **2009**, I, the undersigned, served a copy of the within

Answer and Counterclaim, together with a copy of the Case Information Statement upon

the persons listed below, via regular mail, as follows:

Michael I. Schneck, Esquire
SCHNECK HOLTZMAN, LLC
33 Clinton Road
West Caldwell, New Jersey 07006

Janet H. Harkins, City Clerk
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey 08260

Louis Belasco, C.T.A.
CITY OF NORTH WILDWOOD
901 Atlantic Avenue
North Wildwood, New Jersey 08260

George R. Brown, III, Administrator
CAPE MAY COUNTY BOARD OF TAXATION
Central Mail Room
DN 303
4 Moore Road
Cape May Court House, New Jersey 08210

I certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 5/19/09

Michelle M. Hunt, Secretary for
William J. Kaufmann, Esquire
Attorney for defendant

LAW OFFICES
*ro and Balliette*
NEW JERSEY AVENUE
P.O. BOX 789
DWOOD, N. J. 08260

4