UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BEACH CREEK MARINA, INC. | : | |
| | : | CIVIL ACTION NO.: 09-2649/KSH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROYAL TAX LIEN SERVICES, LLC | : | |
| d/b/a CRUSADER LIEN | : | |
| SERVICES, COLE LAYER TRUMBLE | : | Hearing Date: August 17, 2009 |
| COMPANY, and TYLER | : | |
| TECHNOLOGIES, INC. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ROYAL
TAX LIEN SERVICE, LLC'S MOTION TO DISMISS**

**ZEITZ & STEIN, L.L.C.**
201 Barclay Pavilion West
Cherry Hill, NJ 08034
(856) 857-1222 (ph)
(856) 857-1234 (fax)
www.zeitzstein.com
*Attorneys for Defendant Royal Tax Lien Services, LLC*

On the Brief:
Robin London-Zeitz, Esquire (RZ 2933)
rzeitz@zeitzstein.com
Gary C. Zeitz, Esquire

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................i

TABLE OF AUTHORITIES...........................................iii

STATEMENT OF FACTS...............................................1

LEGAL ARGUMENT...................................................3

I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR
      CASES INVOLVING THE ADMINISTRATION OF NEW JERSEY
      STATE *AD VOLOREM* TAXES....................................3

      A.    Plaintiff's Complaint must be Dismissed Since
            the Appropriate Jurisdiction for Plaintiff to
            Challenge an Assessment for the Property, Royal
            Tax Lien Service, LLC's Tax Lien and the Underlying
            Taxes Is the New Jersey Tax Court....................3

      B.    The United States Supreme Court Mandates That
            Plaintiff Must Utilize the Remedies in the
            New Jersey Statutes, N.J.S.A. 54:3-21, by Filing
            a Timely Tax Appeal, When it is Aggrieved by a
            Tax Assessment of its Property.......................4

      C.    In light of Plaintiff's Pending Tax Court
            Proceedings, This Matter is Not Ripe for a
            Federal District Court Determination................12

II.   SINCE THE CITY OF NORTH WILDWOOD IS AN INDISPENSABLE
      PARTY IN THIS MATTER, THERE WILL BE A LACK OF
      DIVERSITY JURISDICTION TO RESOLVE THIS DISPUTE...........14

III.  PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED
      FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
      BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6).................20

      A.    Since the Tax Court Dismissed Plaintiff's Appeal
            of the 2006 Assessment for the Property, Which
            Was Affirmed by the Appellate Division on May 18,
            2009, the Doctrines of Res Judicata, Collateral
            Estoppel and Full Faith and Credit Bar Plaintiff
            from Re-Disputing Same In the Instant Forum.........20

            1.    The May 18, 2009 Order must be given full
                  faith and credit by this Court................20

i

      2.    The Doctrines of Res Judicata and Collateral Estoppel Prevent this Court From Entertaining a Protest to the May 18, 2009 Order............22

   B.   The Scant Facts Presented by Plaintiff do not Present a Basis to Invalidate Royal's Tax Lien Pursuant to N.J.S.A. §54:5-100......................25

   C.   Plaintiff's Limited Allegations Concerning an Elevated Assessment for the Property Does not Nullify the Tax Lien................................26

   D.   Plaintiff can not Substantiate a Claim for Unjust Enrichment.......................................28

IV.   IN THE EVENT THAT PLAINTIFF'S COMPLAINT IS NOT DISMISSED, IT IS APPROPRIATE FOR THIS COURT TO TRANSFER THE VENUE TO THE CAMDEN VICINAGE. ...............29

CONCLUSION...................................................32

## TABLE OF AUTHORITIES

**CASES:**

Abbott Labs. v. Gardner, 387 U.S. 136 (1967)...................13

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955(2007)...........20

Berardi v. Swanson Memorial Lodge No. 48 of the
Fraternal Order of Police, 920 F.2d 198 (3d Cir. 1990)........3,4

Brinkley v. Western World, Inc., 275 N.J.Super 605
(Ch.Div. 1994), *aff'd* 292 N.J.Super. 134 (App. Div. 1996)...27,28

City of Newark v. Block 322, Lots 38 and 40, 17 N.J.Tax
103 (Tax Ct. 1997)............................................11

Cohen v. Kurtzman, 45 F.Supp.2d 423 (D.N.J. 1999).........3,4,14

Culver v. Ins. Co. of North America, 115 N.J. 451 (1989).......23

Fair Assessment in Real Estate Assn., Inc. v. Mc Nary,
454 U.S. 100 (1981)..........................................5,7

General Motors Corp. v. City of Linden, 143 N.J. 336
(1996)...............................................3,6,7,8,9

Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293 (1943)...5

Gulf Oil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91
L.Ed. 1055 (1947)..........................................30,31

Hardaway Constructors, Inc. v. Conesco Industries, LTD, 583
F.Supp. 617(D.N.J. 1983).....................................30

Hudson County Park Commission v. Jacobson, 132 N.J.L.
287 (1944)...................................................27

Ilidis v. Wal-Mart Stores, Inc., 191 N.J. 88,
922 A.2d 710 (2007)..........................................28

Joan Ryno, Inc. v. First National Bank of South Jersey,
208 N.J. Super. 562(App. Div. 1986)..........................26

Kram v. Kram, 94 N.J.Super. 539(Ch. Div. 1968)................23

Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J.
428(1960)....................................................23

iii

Manhattan Woods Golf Club, Inc. v. Terumasa, 312 N.J. Super. 573(App. Div. 1998)..................................21

Matter of the Estate of Dawson, 136 N.J. 1(1994)..............24

Mortensen v. First Federal Sav. & Loan Ass'n, 523 F.2d 884 (3d Cir. 1977)..............................................3

National Private Truck Council, Inc. v. Oklahoma Tax Commission, 515 U.S. 582 (1995)..........................5,6,8

Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir. 1993)..............................................4

Peachlum v. City of York, 333 F.3d 429(3d Cir. 2003).......12,13

Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319(3d. Cir. 1998).......................................12,13

Phillips v. County of Allegheny, 515 F.3d 224(3d Cir. 2008)....20

Pioneer Gun Club v. Township of Bass River, 61 N.J.Super. 104 (Ch. Div. 1960).........................................27

Provident Tradesmens Bank & Trust Co., Administrator v. Patterson, Administrator, 390 U.S. 102 (1968)..........5,17,18,19

Raymark Industries, Inc. v. Lai, 973 F.2d 1125(3d.Cir. 1992)...21

Roswell v. LaSalle Nat'l Bank, 450 U.S. 503(1981)..............7

Rouse v. II-VI Incorporated, 2009 U.S.App. LEXIS 10506(3d Cir. 2009)......................................22,23

Sacharow v. Sacharow, 177 N.J. 62(2003).......................24

The Town of West Orange v. Block 107, Lot 1, 162 N.J.Super. 314(App. Div. 1978)........................................26

Van Dusen v. Barrack, 376 U.S.612, 616, 84 S.Ct. 805, 11 L.Ed 2nd 945, 950 (1964).................................30

VRG Corp. v. GKN Realty Corp., 135 N.J. 539,641 A.2d 519 (1994).......................................28,29

Wetmore v. Karrick, 205 U.S. 141, 148-49 (1907)...............22

Woodrick v. Jack J. Burke Real Estate, Inc., 306 N.J.Super.

61(1997)...............................................24

<u>Wynwood Condominium Ass'n v. Twin Trees Dev. Co.</u>, 250
N.J.Super. 510 (Ch. Div. 1994)..........................27

**STATUTES:**

28 U.S.C, §1332.....................................14,15

28 U.S.C. §1341......................................4,5

28 U.S.C. §1404.....................................29,30

28 U.S.C § 1738.......................................21

42 U.S.C. §1983.....................................5,6,7

N.J.S.A. §2B:13-3......................................8

N.J.S.A. §2B:13-4....................................8,10

N.J.S.A. §54:3-21..................................4,9,10

N.J.S.A. §54:3-26.....................................10

N.J.S.A. §54:3-27.2................................8,10,11

N.J.S.A. §54:4-63.11...................................7

N.J.S.A. §54:4-134....................................11

N.J.S.A. §54:5-7......................................18

N.J.S.A. §54:5-43.................................16,18,19

N.J.S.A. §54:5-54.....................................18

N.J.S.A. §54:5-55.....................................18

N.J.S.A. §54:5-57.....................................19

N.J.S.A. §54:5-100.................................25,26

N.J.S.A. §54:48-1.....................................10

**COURT RULES:**

F.R.C.P. 12........................................3,4,20

F.R.C.P. 19.......................................14,15,16,17, 18,19

N.J. Court Rule 4:64-5.....................................26

**OTHER**:

U.S. Con. Art. IV. §1.....................................21

## STATEMENT OF FACTS

On or about December 22, 2006, Plaintiff Beach Creek Marina, Inc. ("Plaintiff") filed an Order to Show Cause and Verified Complaint in the Superior Court of New Jersey, Chancery Division, Cape May County, styled, *Beach Creek Marina, Inc., a New Jersey Corporation v. City of North Wildwood, a Municipal Corporation*, bearing Docket No.: CPM-C-97-06, seeking to temporarily and permanently restrain the City of North Wildwood from conducting a sale of real estate and/or municipal tax liens on the property located at 610 New York Avenue, North Wildwood, New Jersey, Block 152, Lot 1 (the "Property"), demanding information regarding the revaluation of the Property and for other relief.  On December 26, 2006, the Chancery Court entered an order temporarily restraining the City of North Wildwood from conducting a tax sale for the Property and directing the City of North Wildwood to show cause on January 3, 2007 why it should not be permanently enjoined from the sale of tax liens against the Property. Thereafter, on January 4, 2007, the Chancery Court entered an Order Vacating Restraints and transferring the remaining issues to the Tax Court.

On January 11, 2007, Royal purchased from the City of North Wildwood tax sale certificate number 06-00225 ("Tax Lien") for the sum of $114,752.15, which is secured by the Property. Thereafter, since the Plaintiff failed and refused to pay its

1

real estate taxes for the Property, Royal issued payments for real estate taxes/ municipal charges for the Property for all quarters of 2007, all quarters 2008 and the first and second quarter of 2009. As of June 16, 2009 Royal was owed the total sum of $475,445.75 on account of its Tax Lien.

On January 18, 2007, Plaintiff untimely filed a Complaint in the Tax Court appealing the 2006 assessment of the Property ("2006 Tax Appeal"). In response, the City of North Wildwood filed an Answer on January 30, 2007. Thereafter, the City of North Wildwood filed a motion to dismiss the 2006 Tax Appeal, which was granted by the Tax Court by Order entered on March 5, 2008. Plaintiff appealed the March 5, 2008 Order to the Superior Court Appellate Division, wherein the Appellate Division affirmed the Tax Court's March 5, 2008 Order on May 18, 2009 and opined that the 2006 Tax Appeal was untimely. In the meantime, Plaintiff filed a tax appeal for the 2007, 2008 and 2009 assessments for the Property on or about March 7, 2007, March 11, 2008 and March 10, 2009, respectively. North Wildwood filed an Answer to each complaint. Immediately after the Appellate Division rendered its decision, and during the pendency of the 2007-2009 tax appeals, Plaintiff filed the Complaint in the instant matter on June 1, 2009 and its Amended Complaint on June 3, 2009.

2

**LEGAL ARGUMENT**

I.    **THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR CASES INVOLVING THE ADMINISTRATION OF NEW JERSEY STATE *AD VOLOREM*[1] TAXES.**

    A.    **Plaintiff's Complaint must be Dismissed Since the Appropriate Jurisdiction for Plaintiff to Challenge an Assessment for the Property, Royal Tax Lien Service, LLC's Tax Lien and the Underlying Taxes Is the New Jersey Tax Court.**

In the absence of subject matter jurisdiction, Plaintiff can not assert and prosecute its claims in this Court. Federal Rule of Civil Procedure 12(b)(1) permits a defendant to file a motion to dismiss for lack of subject matter jurisdiction. F.R.C.P. 12(b)(1). There are two types of Rule 12(b)(1) motions as follows: (1) attack of the complaint on its face and (2) attack of the existence of subject matter jurisdiction in fact, apart from the pleading. Cohen v. Kurtzman, 45 F.Supp.2d 423, 428 (D.N.J. 1999)(citing Mortensen v. First Federal Sav. & Loan Ass'n, 523 F.2d 884, 891 (3d 1977)). The latter type of Rule 12(b)(1) motion does not provide for a presumption of truthfulness for a plaintiff's allegations. Cohen, 45 F.Supp.2d at 428. As such, the court may consider written and oral evidence beyond the pleadings to allow a court to make factual findings to determine jurisdiction. Id.; Berardi v. Swanson

---

[1]Although *ad valorem* real property taxes are commonly described as local property taxes administered by municipal officials, they still constitute a state tax. General Motors Corp. v. City of Linden, 143 N.J. 336, 349 (1996).

3

Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).  Further, a defendant's challenge to subject matter jurisdiction places the burden of persuasion that same properly exists in the federal court upon the plaintiff.  Cohen, 45 F.Supp.2d at 428; Packard v. Provident National Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).

In the matter at hand, it is indubitable that Plaintiff's claims derive from an alleged inflated appraisal resulting in a substantially increased assessment for the Property and an augmentation of Plaintiff's real estate taxes.  Of course, this allegation implicates the New Jersey State tax system and its remedies, thereby depriving this Court of subject matter jurisdiction as explained in further detail below.  Consequently, Plaintiff's complaint must be dismissed pursuant to F.R.C.P. 12 (b)(1).

**B.    The United States Supreme Court Mandates That Plaintiff Must Utilize the Remedies in the New Jersey Statutes, N.J.S.A. 54:3-21, by Filing a Timely Tax Appeal, When it is Aggrieved by a Tax Assessment of its Property.**

Federal Court have routinely held that the subject matter of Plaintiff's Amended Complaint should be resolved by state law remedies.  In recognition of the principle of comity and the Tax Injunction Act, 28 U.S.C. §1341[2], Federal Courts are loathe to

---

[2] 28 U.S.C.§ 1341 entitled, Taxes by States, provides: The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of

interfere with state tax administration.  National Private Truck Council, Inc. v. Oklahoma Tax Commission, 515 U.S. 582, 586 (1995); Fair Assessment in Real Estate Assn., Inc. v. Mc Nary, 454 U.S. 100 (1981)(congress did not authorize federal courts to entertain damages actions under 42 U.S.C. §1983 against state taxes when there is an adequate state law remedy); Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293 (1943)(declaratory relief not available in federal courts to address state tax systems).  **Further, "a federal district court should, in the exercise of discretion, decline to exercise diversity jurisdiction over a declaratory judgment action raising issues of state law when those same issues are being presented contemporaneously to state courts."**  Provident Tradesmens Bank & Trust Co., Administrator v. Patterson, Administrator, 390 U.S. 102, 126 (1968).  In the National Private Truck Council matter, the United States Supreme Court extended its determination that federal courts should refrain from utilizing 42 U.S.C. §1983 to award injunctive relief, declaratory relief or damages in state tax cases when there is an adequate remedy under state law to state courts.  515 U.S. 582 (1995)(since Oklahoma provides for an adequate state remedy in the form of a refund, petitioners in the Oklahoma state courts could not obtain declaratory or injunctive

_____

such State.

5

relief under 42 U.S.C. §1983 in response to their challenge to
state taxes against motor carriers as violating the dormant
commerce clause.)  Thus, it is left to the states to provide a
remedy with respect to such state's tax collection system which
may consist of a pre-deprivation process or post-deprivation
relief.  Id. at 587.

In assessing the jurisdiction of the court to consider a
contest to a real property assessment, the New Jersey Supreme
Court relied upon the principles and holding of the National
Private Truck Council case to evaluate the adequacy of relief
under the New Jersey tax system.  General Motors Corp. v. City of
Linden, 143 N.J. 336 (1996).  In the General Motors matter, the
plaintiff instituted an action under 42 U.S.C. §1983 against the
City of Linden, Linden's tax assessor and the real property
appraiser for damages for the excessive appraising of plaintiff's
real property.  Id. at 339.  Linden retained an appraiser to
assist it in reassessing plaintiff's property, which resulted in
a substantial increase in the assessment for the property.  Id.
at 340.  The plaintiff appealed the assessment to the Union
County Board of Taxation, which affirmed the assessment.  Id.
Thereafter, the plaintiff appealed to the Tax Court, which appeal
was pending at the time of the decision.  Id.

In analyzing the National Private Truck Council case and its
forerunners, the General Motors court reasoned that even though

6

the plaintiff simply sought a damages award, in lieu of a refund or declaratory relief, it must focus on the interference of the relief upon the administration of the state tax system. Id. at 346 (citing, Fair Assessment in Real Estate Assn., Inc. v. Mc Nary, 454 U.S. at 113). The court opined that a damage award would disrupt the tax system since same would initially require a finding that the state officials had violated the taxpayer's constitutional rights. Id. (citing Fair Assessment in Real Estate Assn., Inc. v. Mc Nary, 454 U.S. at 113). As such, the General Motors court determined that it must refrain from granting federal relief pursuant to 42 U.S.C. §1983 to the plaintiff where there is an adequate legal remedy. Id.

In considering whether a state remedy is adequate, such remedy "merely needs to provide an opportunity sometime for a full hearing and judicial determination at which the taxpayer may raise all constitutional objections to the tax." Id. at 347 (citing Roswell v. LaSalle Nat'l Bank, 450 U.S. 503, 515 n.19 (1981)). In New Jersey, the statutes provide several opportunities for a challenge to a state tax without resorting to 42 U.S.C. §1983. Id. at 349. The General Motors court concluded that the plaintiff could challenge the added assessment by appeal to the County Board of Taxation on or before December 1 of the assessment year pursuant to N.J.S.A. §54:4-63.11. Id. After the County Board hears the appeal within one month after the last

7

date for filing appeals, the taxpayer may again appeal the board decision to the Tax Court within forty-five days of the judgment. Id. At such time, the taxpayer is afforded a *de novo* hearing before a tax court judge pursuant to N.J.S.A. §2B:13-3(b) wherein he may lodge a constitutional challenge to the assessment. Id. A taxpayer is afforded further appeal rights to the Appellate Division pursuant to N.J.S.A. §2B:13-4. Id. Success by the taxpayer requires a refund of the excess taxes plus interest at the rate of 5% within sixty days of a judgment under N.J.S.A. §54:3-27.2. Id. at 349-350. As a result of the foregoing statutes, the General Motors court found that the plaintiff's pending appeal in the Tax Court provides the plaintiff with an adequate remedy to present evidence with regard to the validity of the assessment and to address any violation of its federal rights. Id. at 350.

In the instant matter, it is clear from the abridged facts presented in the Plaintiff's Amended Complaint, that Plaintiff feels "aggrieved" by the 2006 tax assessment for the Property. As indicated in the General Motors matter above, the New Jersey Statutes provide an adequate remedy for Plaintiff to contest, and to potentially ameliorate, the assessment for 2006, 2007, 2008 and 2009 for his Property. Moreover, the National Private Truck Council matter undeniably prohibits Plaintiff from seeking declaratory relief in the district court with respect to the

8

validity of state real estate taxes comprising Royal's Tax Lien.
While Plaintiff may have disguised its challenge to the
assessment of, the real estate taxes for and the Tax Lien against
the Property as a tort or contract claim, the essence of
Plaintiff's Amended Complaint mirrors the relief sought in the
General Motors matter, wherein a property owner felt "injured" by
the result of an inflated assessment of its real property.  As
the General Motors matter clarifies, the New Jersey statutes can
redress any of the Plaintiff's claims against Royal with respect
to its Tax Lien.

     The New Jersey Statutes specifically and exclusively provide
a remedy to Plaintiff's "injury" pursuant to N.J.S.A. §54:3-21,
which governs the appeal of tax assessments as follows:

     ...a taxpayer feeling aggrieved by the assessed
     valuation of the taxpayer's property, or feeling
     discriminated against by the assessed valuation of
     other property in the county, or a taxing district
     which may feel discriminated against by the assessed
     valuation of property in the taxing district, or by the
     assessed valuation of property in another taxing
     district in the county, may on or before April 1, or 45
     days from the date the bulk mailing of notification of
     assessment is completed in the taxing district,
     whichever is later, appeal to the county board of
     taxation by filing with it a petition of appeal;
     provided, however, that any such taxpayer or taxing
     district may on or before April 1, or 45 days from the
     date the bulk mailing of notification of assessment is
     completed in the taxing district, whichever is later,
     file a complaint directly with the Tax Court, if the
     assessed valuation of the property subject to the
     appeal exceeds $ 750,000.00. In a taxing district where
     a municipal-wide revaluation or municipal-wide
     reassessment has been implemented, a taxpayer or a
     taxing district may appeal before or on May 1 to the

9

county board of taxation by filing with it a petition
of appeal or, if the assessed valuation of the property
subject to the appeal exceeds $ 750,000, by filing a
complaint directly with the State Tax Court. .... A
taxpayer shall have 45 days to file an appeal upon the
issuance of a notification of a change in assessment.
An appeal to the Tax Court by one party in a case in
which the Tax Court has jurisdiction shall establish
jurisdiction over the entire matter in the Tax Court.
All appeals to the Tax Court hereunder shall be in
accordance with the provisions of the State Uniform Tax
Procedure Law, R.S.54:48-1 et seq.

N.J.S.A. §54:3-21(a).  In addition, N.J.S.A. §54:3-26 provides

for a timely determination of a tax appeal as follows:

The county board of taxation shall hear and determine
all such appeals within three months after the last
day for filing such appeals, and shall keep a record
of its judgments thereon in permanent form, and shall
transmit a written memorandum of its judgments to the
assessor of the taxing district and to the taxpayer,
setting forth the reasons on which such judgment was
based, and in all cases where the amount of tax to be
paid shall be changed as the result of an appeal, to
the collector of the taxing district. The Director of
the Division of Taxation shall prescribe such
procedures and forms for the setting forth of such
written memorandums of judgments as may be
necessary....

N.J.S.A. §54:3-26.  Further, pursuant to N.J.S.A. §3-26a, "[a]ny

action or determination of a county board of taxation may be

reviewed by the tax court in accordance with the provisions of

the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq."

Moreover, Plaintiff is afforded further appeal rights pursuant to

N.J.S.A. §2B:13-4, as follows: "[j]udgments of the Tax Court may

be appealed as of right to the Appellate Division of the Superior

Court pursuant to the Rules of the Supreme Court."

10

Significantly, it should be noted that failure to file for an appeal is a critical failure and removes any jurisdiction of the Courts to review the assessment after limitations period has passed. City of Newark v. Block 322, Lots 38 and 40, 17 N.J.Tax 103 (Tax Ct. 1997). In addition, the Legislature was mindful of the possibility of success by the taxpayer upon appeal from an assessment on real property by enacting N.J.S.A. §54:3-27.2 relating to the refund of excess taxes, which provides:

> In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both, which may be applied against delinquencies pursuant to P.L. 1983, c. 137 (C. 54:4-134 ), within 60 days of the date of final judgment.

N.J.S.A. §54:3-27.2.

However, the detailed statutory recitals set forth above are not unfamiliar to Plaintiff since it is clear from the extensive documentation provided by Royal that Plaintiff is aware of and has availed itself of the above statutory procedure. In fact, Plaintiff's tax appeal for (1) 2006 has been disposed of by the Appellate Division and (2) 2007-2009 remains pending in the Tax Court. It is imperative to note that Plaintiff's tax appeals for 2006-2009 directly impact the Tax Lien since Royal paid all of the real estate taxes resulting from such assessments. If the Plaintiff is entitled to a refund pursuant to N.J.S.A. §54:3-27.2, the Tax Lien will be adjusted accordingly. There is no

11

other means for challenging the real estate taxes/charges
comprising a tax sale certificate lien, as discussed in further
detail below.  The pervasive latitude provided to the Tax Court
or the County Board of Taxation has and will afford Plaintiff the
remedies, if any, it is entitled to as a result of its increased
assessments.  Consequently, this Court is not the appropriate
jurisdiction for the Plaintiff to formulate its "end-run" around
the New Jersey statutory process, thereby requiring the dismissal
of Plaintiff's Complaint for lack of subject matter jurisdiction.

**C.    In light of Plaintiff's Pending Tax Court Proceedings,
        This Matter is Not Ripe for a Federal District Court
        Determination.**

As a result of Plaintiff's currently pending tax appeals for
2007-2009 for the Property, Plaintiff's alleged damages resulting
from the issuance of the Tax Lien are not ripe for judicial
determination in this Court.  It is well settled law that "[t]he
existence of a case and controversy is a prerequisite to all
federal actions, including those for declaratory or injunctive
relief." Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir.
2003); Philadelphia Federation of Teachers v. Ridge, 150 F.3d
319, 322-323 (3d. Cir. 1998).   Further, the purpose "of the
ripeness doctrine is to determine whether a party has brought an
action prematurely, and counsels abstention until such time as a
dispute is sufficiently concrete to satisfy the constitutional
and prudential requirements of the doctrine."   Peachlum, 333

12

F.3d at 433 (citing, <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 148-49, (1967)). Further, federal courts should avoid "entangling themselves in abstract agreements." <u>Philadelphia Federation</u>, 150 F.3d at 323 (citing <u>Abbott Labs.</u>, 387 U.S. at 148). The court should consider the following factors when determining ripeness:

> (1) are the parties in a sufficiently adversarial posture to be able to present their positions vigorously;
> (2) are the facts of the case sufficiently developed to provide the court with enough information on which to decide the matter conclusively; and
> (3) is a party genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one.

<u>Peachlum</u>, 333 F.3d at 433-434. Further, the United States Supreme Court developed a two-part test for determining ripeness, as follows:

> (1) the fitness of the issues for judicial decision, and
> (2) the hardship to the parties of withholding court consideration.

<u>Abbott Labs.</u>, 387 U.S. at 149. Accordingly, the ripeness doctrine requires that a plaintiff present facts to support a "real, substantial controversy between parties," <u>Peachlum</u>, 333 F.3d at 434, involving a concrete dispute "of sufficient immediacy and reality" to justify judicial resolution. <u>Id.</u> Most importantly, it is the responsibility of the plaintiff to set forth facts to clearly invoke the court's jurisdiction. <u>Philadelphia Federation</u>, 150 F.3d at 323.

This Court additionally lacks subject matter jurisdiction to

13

consider Plaintiff's claims since there is not a controversy
between Plaintiff and Royal which is ripe for judicial
resolution.  Absent a determination by the Tax Court regarding
the 2007-2009 assessments for the Property, which, once again, is
the appropriate and only forum to decide state tax issues,
Plaintiff's contest to Royal's Tax Lien is premature.  The result
of Plaintiff's tax appeals may partially or completely void the
Tax Lien, reform the Tax Lien or leave the Tax Lien unaltered.
There is no harm to the Plaintiff in awaiting the decision of the
Tax Court while preserving this Court's resources for actual
matters in controversy.

**II.   SINCE THE CITY OF NORTH WILDWOOD IS AN INDISPENSABLE PARTY
IN THIS MATTER, THERE WILL BE A LACK OF DIVERSITY
JURISDICTION TO RESOLVE THIS DISPUTE.**

The within matter must be dismissed because (1) The City of
North Wildwood is an indispensable party to this action required
to be joined as a defendant pursuant to pursuant to F.R.C.P.
19(b); and (2) the joinder of the City of North Wildwood will
deprive this Court of diversity jurisdiction under 28 U.S.C,
§1332[3].  F.R.C.P. 19 provides, in pertinent part:

---

[3]Complete diversity is required for jurisdiction under 28
U.S.C. §1332(a).  Cohen v. Kurtzman, 45 F.Supp. 2nd 423, 430
(D.N.J. 1999). "Complete diversity exists when the parties on one
side of the controversy are citizens of different states from all
of the parties on the other side." Id. at 430 (citations
omitted). In the within matter both the Plaintiff Beach Creek
Marina, Inc., a New Jersey Corporation and The City of North
Wildwood are New Jersey citizens for purposes of 28 U.S.C. §1332.
Thus, complete diversity is lacking.

(a) Persons Required to Be Joined if Feasible.

    (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

    (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

    (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) When Joinder Is Not Feasible.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2) the extent to which any prejudice could be lessened or avoided by:
        (A) protective provisions in the judgment;
        (B) shaping the relief; or 28 U.S.C. §1332
        (C) other measures;

    (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

(c) Pleading the Reasons for Nonjoinder.  When asserting a claim for relief, a party must state:
    (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
    (2) the reasons for not joining that person.

F.R.C.P. 19.

The City of North Wildwood is a required party as forth in F.R.C.P. 19(a). In the event that Royal's tax sale certificate is invalid, Royal's recourse is to pursue a claim for a refund from the City of North Wildwood pursuant N.J.S.A. §54:5-43. The section provides in relevant part:

> If the assessment itself is valid and the tax, assessment or other municipal charge, or any part thereof, is justly due, no sale shall be set aside,... If the sale shall be set aside, the municipality shall refund to the purchaser the price paid by him on the sale, with lawful interest, upon his assigning to the municipality the certificate of sale and all his interest in the tax, assessment or other charges and in the municipal lien therefor, and the municipality may readvertise and sell if the municipal lien remains in force.

N.J.S.A. §54:5-43. Thus, in the event that this Court declares Royal's Tax Lien to be invalid, the City of North Wildwood will be liable to Royal for a refund of the monies paid for its Tax Lien along with "lawful interest" as set forth in the statute.

In the event that the City of North Wildwood is not joined in this matter, it will "impair or impede" the City of North Wildwood's "ability to protect" its financial interest in the

16

tax assessment in question. Furthermore, Plaintiff has filed tax appeals for 2007-2009 which are currently pending in the Tax Court. If the Tax Court tax appeals uphold the tax assessments in question and the City of North Wildwood is not joined herein, Royal, as an existing party to this case is subject to a substantial risk of "incurring double, multiple, or otherwise inconsistent obligations" (i.e. one verdict declaring the tax lien void and another declaring the lien to be valid). Likewise, the City of North Wildwood would not be cognizant of conflicting treatment of the Tax Lien.

Because the joinder of the City of North Wildwood will destroy diversity jurisdiction, F.R.C.P. 19(b) governs whether the court should dismiss the action or proceed without the required party. See, Provident Tradesmens Bank & Trust Co. v. Patterson, Administrator, 390 U.S. 102, 108-109; 88 S.Ct. 733, 737, 19 L.Ed. 2d 936, 944 (1968). First, F.R.C.P. 19(b)(1) addresses the extent to which a judgment in the absence of a required party would prejudice either the non-joined party or existing parties. Id. at 110. As expressed hereinabove, a judgment rendering the Tax Lien void without the participation of the City of North Wildwood, divests the City of North Wildwood of the opportunity to defend its actions in determining the amount of and selling the Tax Lien. Furthermore, Royal may experience prejudice since it will be unable to enforce such judgment

17

against the City of North Wildwood, leaving Royal bereft of the ability to satisfy its Tax Lien.

Second, F.R.C.P. 19(b)(2) concerns a defendant's desire to "avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another." Id. at 110.  Again, Royal will be left without recourse to enforce a judgment nullifying its Tax Lien against the City of North Wildwood if the City of North Wildwood is not joined in this matter.  Moreover, Royal would be forced to expend further expense and resources to attempt to seek payment on its Tax Lien in the absence of the City of North Wildwood as defendant in this matter.

Third, F.R.C.P. 19(b)(3) regards the "interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Id. at 111.  Certainly, as it concerns Royal, any settlement would involve the City of North Wildwood, since redemption of the Tax Lien must be made through the municipality[4].  In addition, any refund pursuant to N.J.S.A.

---

[4]Pursuant to N.J.S.A. §54:5-54:

> the owner, his heirs, holder of any prior outstanding tax lien certificate, mortgagee, or occupant of land sold for municipal taxes, assessment for benefits pursuant to R.S.54:5-7 or other municipal charges, may redeem it at any time until the right to redeem has been cut off in the manner in this chapter set forth, by paying to the collector, ...

N.J.S.A. §54:5-54 (emphasis supplied).  Thereafter, the tax

§54:5-43 will be made by the City of North Wildwood.   Thus, the only means for a complete resolution of the Tax Lien is the inclusion of the City of North Wildwood as a defendant.

Finally, F.R.C.P. 19(b)(4) has to do with "whether a satisfactory alternate forum exists." Id. at 109.   Certainly, the Tax Court is the appropriate alternate forum, which has already been recognized by Plaintiff.   Hence, since the City of North Wildwood is an indispensable party, which will vitiate diversity jurisdiction, Plaintiff's Amended Complaint must be dismissed and Plaintiff must pursue its claims in the proper jurisdiction.

---

collector forwards the redemption funds to the purchaser of the tax sale certificates in compliance with N.J.S.A. §54:5-57, as follows:

> The collecting officer shall at once, on receipt of the redemption money, mail notice thereof to the purchaser, if his address can be ascertained, and shall pay all redemption moneys to him or his assigns on his surrender of the certificate of sale and compliance with the provisions of section 54:5-55 of this title.

N.J.S.A. §54:5-57. In addition, the tax collector maintains the further responsibility set forth in N.J.S.A. §54:5-55, as follows:

> the collecting officer on receiving payment in full shall execute and deliver to the person redeeming a certificate of redemption which may be recorded with the register of deeds, or if there is no register, with the county clerk....

N.J.S.A. §54:5-55.

III.    **PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6).**

As a matter of law, Plaintiff can not establish that (1) the Tax Lien is illegal, invalid and/or void and (2) Royal has been unjustly enriched. The accepted and recently modified standard for a Rule 12(b)(6) motion is as follows:

> courts [must] accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.

Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the factual allegations in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting, Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). As such, the pleading standard for stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." Id. (quoting, Twombly, 127 S.Ct. at 1965)).

A.    **Since the Tax Court Dismissed Plaintiff's Appeal of the 2006 Assessment for the Property, Which Was Affirmed by the Appellate Division on May 18, 2009, the Doctrines of Res Judicata, Collateral Estoppel and Full Faith and Credit Bar Plaintiff from Re-Disputing Same In the Instant Forum.**

1.    **The May 18, 2009 Order must be given full faith and credit by this Court.**

The Full Faith and Credit clause of the United States Constitution prevents a second challenge to the subject matter

20

underlying the May 18, 2009 Order entered by the New Jersey

Superior Court, Appellate Division, and provides as follows:

"Full Faith and Credit shall be given in each State to the public

Acts, Records, and judicial Proceedings of every other State."

U.S. Con. Art. IV. §1.  The Full Faith and Credit Clause of the

United States Constitution has been codified at 28 U.S.C § 1738,

which provides, in its relevant part, as follows:

> The records and judicial proceedings of any court of
> any such State, Territory or Possession . . .shall be
> proved or admitted in other courts within the United
> States and its Territories and
> . . .
> Such Acts, records and judicial proceedings or copies
> thereof, so authenticated, shall have the same full
> faith and credit in every court within the United
> States and its Territories and Possessions as they have
> by law or usage in the courts of such State, Territory
> or Possession from which they are taken.

28 U.S.C. § 1738.  The Third Circuit found that "[o]nce validly

entered in a court of competent jurisdiction, a judgment is

considered valid until overturned or vacated *by that court or an*

*appellate court with supervisory powers over that court's*

*system*." Raymark Industries, Inc. v. Lai, 973 F.2d 1125, 1132

(3d.Cir. 1992) *(emphasis supplied)*.  The Appellate Division of

the Superior Court of New Jersey expanded this holding to

specifically find that bankruptcy court judgments may not be

challenged in state court proceedings.  Manhattan Woods Golf

Club, Inc. v. Terumasa, 312 N.J. Super. 573, 578 (App. Div.

1998). The only exception to this rule is where the judgment is

21

obtained without proper jurisdiction or due process.  <u>Wetmore v. Karrick</u>, 205 U.S. 141, 148-49 (1907).

As stated hereinabove, Royal purchased its Tax Lien on January 11, 2007 for the prior delinquent real estate taxes for the Property. Thereafter, as a result of the entry of the May 18, 2009 Order, which confirmed the dismissal of Plaintiff's tax appeal for the 2006 assessment of the Property, the 2006 tax assessment and attendant real estate taxes for the Property were validated.   Consequently, there is no other means in this Court for Plaintiff to dispute such finding by the Appellate Division since the May 18, 2009 Order must be afforded full faith and credit.   Likewise, Plaintiff can not vitiate the Tax Lien, to the extent it encompasses the 2006 real estate taxes, in this forum. Any further challenges to the 2006 real estate taxes must be lodged in the state court system.

**2.    The Doctrines of Res Judicata and Collateral Estoppel Prevent this Court From Entertaining a Protest to the May 18, 2009 Order.**

The issues litigated in the Tax Court and Appellate Division resulting in the entry of the May 18, 2009 Order cannot be revisited in this Court.   It is a well established principle that "[w]hen a judgment is rendered by a state court, federal courts are statutorily bound by the doctrines of res judicata (or claim preclusion) and collateral estoppel (or issue preclusion) to honor it."  <u>Rouse v. II-VI Incorporated</u>, 2009 U.S.App. LEXIS

10506, 16 (3d Cir. 2009). Further, federal courts must look to state law in determining what effect to provide state court judgments. Id. Under New Jersey state law, the doctrine of res judicata will act as a bar to claims or issues that either were joined in earlier litigation or could have been joined in earlier litigation. Thus, "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960). Hence, "where the second action is no more than a repetition of the first, the first lawsuit stands as a barrier to the second." Kram v. Kram, 94 N.J.Super. 539, 551 (Ch. Div. 1968).

The doctrine of res judicata will bar the bringing of a previously litigated claim where the causes of action, the parties, issues and relief sought are substantially similar or identical and where there is a final judgment. Culver v. Ins. Co. of North America, 115 N.J. 451 (1989). In determining whether a cause of action is identical or substantially similar a court will examine the following factors:

> (1) Whether the acts complained of and the demand for relief are the same;(2) Whether the theory of recovery is the same;(3) Whether the witnesses and documents necessary at trial are the same; and(4) Whether the material facts are the same.

Id. at 461-62.

In addition, the doctrine of collateral estoppel is the

23

"branch of the broader law of res judicata which bars the relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." Sacharow v. Sacharow, 177 N.J. 62, 76 (2003) (citing Woodrick v. Jack J. Burke Real Estate, Inc., 306 N.J. Super. 61, 79 (1997)). The following requirements must be met for the bar of collateral estoppel to apply:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Id. (citing Matter of the Estate of Dawson, 136 N.J. 1, 20-21 (1994)).

In the instant case, Plaintiff has, or could have, addressed the validity of the 2006 assessment and its resultant damages in the Tax Court and Appellate Division. Thereafter, the Tax Court and Appellate Division issued final orders denying the relief requested by Plaintiff. Currently, although Plaintiff's Amended Complaint is misleadingly couched in tort and contract theories, Plaintiff's main grievances are the 2006 assessment, the real estate taxes and the Tax Lien. Since the Appellate Division has rendered a judgment with respect to such issues, Plaintiff can not assert its claims once again in this forum in violation of doctrines of res judicata and collateral estoppel, thereby

24

warranting dismissal of the Plaintiff's Amended Complaint.

**B.    The Scant Facts Presented by Plaintiff do not Present a Basis to Invalidate Royal's Tax Lien Pursuant to N.J.S.A. §54:5-100.**

The Plaintiff can not establish any claim for relief pursuant to N.J.S.A. §54:5-100 since it failed not only to provide any facts to challenge the real estate taxes or tax sale, but also, to recognize the impossibility of establishing an affirmative claim for relief pursuant to N.J.S.A. §54:5-100. N.J.S.A. §54:5-100 sets forth the basis upon which a defendant can contest a tax sale foreclosure action and provides as follows:

> *In an action in the Superior Court to foreclose the right* of any defendant therein named to redeem lands from the lien of a certificate of same thereof issued for nonpayment of taxes or other municipal lien, the validity of the tax or other municipal lien for which the sale was made and certificate issued, and the validity of the proceedings to sell the lands shall be conclusively presumed unless a defendant in the action shall set up as a defense thereto the invalidity of the tax or other municipal lien or the invalidity of the proceedings to sell or the invalidity of the sale. *All questions as to such invalidity may be tried in this action.*

N.J.S.A. §54:5-100.

First and foremost, it should be that N.J.S.A. §54:5-100 can not be utilized to independently invalidate a tax sale certificate lien, but rather serves a defense in a tax sale certificate foreclosure action.  In addition, Plaintiff has not raised any credible question as to the validity of the tax sale

25

in question, the real estate taxes or the Tax Lien.    Even in a
tax sale certificate foreclosure proceeding, which is the
appropriate and only forum to reveal a defense pursuant N.J.S.A.
§54:5-100, Plaintiff's gripe concerning an elevated assessment
for the Property would be deemed non-germane[5] to the foreclosure
action and would be directed to the tax appeal process.    Thus,
Plaintiff can not establish a claim for the voiding of the Tax
Lien pursuant to N.J.S.A. §54:5-100, thereby mandating dismissal
of Plaintiff's Amended Complaint.

      **C.**    **Plaintiff's Limited Allegations Concerning an Elevated Assessment for the Property Does not Nullify the Tax Lien.**

Plaintiff's attack of the assessment for the Property does
not equate to an abrogation of the Tax Lien.    A tax sale

------

[5]New Jersey Court Rule 4:64-5, addresses the joinder of
Claims in Foreclosure and provides as follows:

> Unless the court otherwise orders on notice and for
> good cause shown, claims for foreclosure of mortgages
> shall not be joined with non-germane claims against the
> mortgagor or other persons liable on the debt.    Only
> germane counterclaims and cross-claims may be pleaded
> in foreclosure actions without leave of court.    Non-
> germane claims shall include, but not be limited to,
> *claims on the instrument of the obligation evidencing
> the mortgage debt*, assumption agreements and
> guarantees.

R. 4:64-5 (emphasis supplied). Thus, a defendant is permitted to
challenge a Plaintiff's *right* to foreclose.  Joan Ryno, Inc. v.
First National Bank of South Jersey, 208 N.J. Super. 562, 569
(App. Div. 1986); See also,   The Town of West Orange v. Block
107, Lot 1, 162 N.J. Super. 314, 316, fn1 (App. Div. 1978) (the
assessed valuation of the property plays no material part in a
tax foreclosure proceeding).

certificate can be extinguished if the tax assessment upon which same is based is void *ab initio*. Brinkley v. Western World, Inc., 275 N.J.Super 605, 610-611 (Ch.Div. 1994), *aff'd* 292 N.J.Super. 134 (App. Div. 1996); Hudson County Park Commission v. Jacobson, 132 N.J.L. 287 (1944)(assessment of park land was void thereby rendering tax sale certificates invalid); Wynwood Condominium Ass'n v. Twin Trees Dev. Co., 250 N.J.Super. 510 (Ch. Div. 1994)(where assessor used incorrect formula to determine assessment of condominium unit, tax sale certificates were deemed void); Pioneer Gun Club v. Township of Bass River, 61 N.J.Super. 104 (Ch. Div. 1960)(where an assessment is inaccurate or improperly levied, the tax sale held upon such an assessment is equally void). In Brinkley, the plaintiff tax lien holder sought a final judgment of foreclosure. Id. at 607. The property owner opposed the entry of final judgment on the basis that final court orders had been entered in separate tax appeal lawsuits which determined that the property owner did not owe the underlying taxes for which the tax sale certificates were sold. Id. at 608. Consequently, the Brinkley Court ruled that since no taxes were owed, the tax sale certificates were void and final judgment could not be entered thereon. Id. at 611.

In the instant matter, while it should be reiterated that state tax matters are not the appropriate subject matter for this Court, it must be emphasized that Plaintiff has not alleged any

27

facts to demonstrate that the assessment for the Property has been conclusively determined to be inaccurate. It is clear from the Brinkley matter, that the Plaintiff must obtain a final judgment declaring the assessment to be erroneous prior to seeking to void or reduce the Tax Lien. In fact, based upon Plaintiff's pending tax appeals for 2007-2009, all parties and the Court are aware that Plaintiff is currently seeking such a determination. Unless and until Plaintiff obtains same, the Tax Lien may be set aside or reformed. Hence, Plaintiff has failed to present facts to support a claim for the cancellation of the Tax Lien, thereby requiring dismissal of Plaintiff's Amended Complaint.

###    D.    Plaintiff can not Substantiate a Claim for Unjust Enrichment.

Plaintiff's Amended Complaint does not proffer any facts to support a claim for unjust enrichment. In order "[t]o establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." Ilidis v. Wal-Mart Stores, Inc., 191 N.J. 88, 922 A.2d 710 (2007), citing, VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519 (1994). Unjust enrichment is a "quasi-contract doctrine" which also "'requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond it

28

contractual rights.'" Id. 135 N.J. at 110, 641 A.2d. at 723,

citing, VRG Corp.

Plaintiff not only has not set forth any facts demonstrating

that it conferred a benefit upon Royal, but also failed to

establish any contractual or other business relationship between

Plaintiff and Royal.  Further, absent a benefit, there is not a

basis for Royal to remit any remuneration to Plaintiff.  Mostly,

it is difficult to harmonize the concept of unjust enrichment and

the provision of a benefit by a debtor (Plaintiff) to a creditor

(Royal) coupled with a payment requirement by the creditor to the

debtor.

**IV.  IN THE EVENT THAT PLAINTIFF'S COMPLAINT IS NOT DISMISSED, IT IS APPROPRIATE FOR THIS COURT TO TRANSFER THE VENUE TO THE CAMDEN VICINAGE.**

It is proper for this matter to be transferred to the Camden

vicinage, especially since the subject property is located in

such vicinage.  28 U.S. C. §1404 regarding change of venue,

provides in pertinent part that:

> (a) For the convenience of parties and witnesses, in
> the interest of justice, a district court may transfer
> any civil action to any other district or division
> where it might have been brought.

> (b) Upon motion, consent or stipulation of all parties,
> any action, suit or proceeding of a civil nature or any
> motion or hearing thereof, may be transferred, in the
> discretion of the court, from the division in which
> pending to any other division in the same district.
> Transfer of proceedings in rem brought by or on behalf
> of the United States may be transferred under this
> section without the consent of the United States where
> all other parties request transfer.

29

28 U.S.C. §1404. "The Supreme Court has explained that the purpose of 28 U.S.C. §1404 is to prevent the 'waste of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense." Hardaway Constructors, Inc. v. Conesco Industries, LTD, 583 F.Supp. 617, 619 (D.N.J. 1983), citing, Van Dusen v. Barrack, 376 U.S.612, 616, 84 S.Ct. 805, 11 L.Ed 2nd 945, 950 (1964). Courts have followed the Supreme Court's *forum non conveniens* analysis set forth in Gulf Oil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) in making a venue determination under 28 U.S.C. §1404 except that the "court's discretion in granting a transfer under §1404(a) is broader than when it exercises its powers under the doctrine of *forum non conveniens*". Hardaway Constructors at 619.

The Gulf Oil factors consist of the private interests of the litigants and the interest of the public. Id. at 619.  The private  interests include "plaintiff's choice of forum[;] ease of access to sources of proof[;] compulsory process for unwilling witnesses and cost of obtaining attendance of unwilling witnesses[;] enforceability of possible judgment; obstacles to fair trial (or advantages)[;] availability of impleader[;] all other problems that make trial easy, expeditious, and inexpensive." Id at 619-620.

The Gulf Oil public interest factors consist of:

30

-administrative difficulties (reflecting a desire to keep litigation in courts with crowded dockets to a minimum level)

- placing the burden of jury duty on those with the closet ties to the action

-local interest in having localized controversies decided at home

-and finally and most significant in the instant case, the court noted that 'there is an appropriateness too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws and in law foreign to itself.

Id. at 620, citing, Gulf Oil at 508-509.

First and foremost, the Property is located in North Wildwood, which alone necessitates that this matter be transferred to Camden.  In addition, the allegations of the Amended Complaint will cause Royal to join the City of North Wildwood as an indispensable third party, which, once again, requires the transfer to Camden for the convenience of such employee(s), witness(es) and documents.  Moreover, Royal is located in Jenkintown, Pennsylvania, which is in close proximity to the Camden District Court.  Lastly, the remaining defendants are founded in Delaware, which also invokes Camden as the appropriate vicinage.  It appears that only the Plaintiff and its attorney are located near Newark. Since all of the defendants are located near the Camden vicinage, the convenience of the defendants' documents and witnesses should be taken into account

31

by transferring the venue to Camden.

## CONCLUSION

As a result of the Plaintiff's failure to establish subject matter and diversity jurisdiction and to state a claim upon which relief can be granted, Plaintiff's Amended Complaint must be dismissed.

**ZEITZ & STEIN, L.L.C.**

Dated: July 24, 2009          /s/ Robin London-Zeitz
                              BY: Robin I. London-Zeitz, Esquire
                              *Attorneys for Royal Tax Lien
                              Services, LLC*