UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEACH CREEK MARINA, INC. | : |
| | : CIVIL ACTION NO.: 09-2649/KSH |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ROYAL TAX LIEN SERVICES, LLC | : |
| d/b/a CRUSADER LIEN | : |
| SERVICES, COLE LAYER TRUMBLE | : Hearing Date: August 31, 2009 |
| COMPANY, and TYLER | : |
| TECHNOLOGIES, INC. | : |
| | : |
| Defendants. | : |

**ROYAL TAX LIEN SERVICE, LLC'S REPLY BRIEF**

**ZEITZ & STEIN, L.L.C.**
201 Barclay Pavilion West
Cherry Hill, NJ 08034
(856) 857-1222 (ph)
(856) 857-1234 (fax)
www.zeitzstein.com
*Attorneys for Defendant Royal Tax Lien Services, LLC*

On the Brief:
Robin London-Zeitz, Esquire (RZ 2933)
<u>rzeitz@zeitzstein.com</u>

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................i

TABLE OF AUTHORITIES..............................................ii

STATEMENT OF FACTS.................................................1

LEGAL ARGUMENT.....................................................1

I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)..........1

II.  PLAINTIFF CAN NOT MAINTAIN ANY COMMON LAW CAUSES OF ACTION AGAINST ROYAL ON ACCOUNT OF THE PURCHASE OF ITS TAX LIEN.........3

    A.  Plaintiff Is Statutorily Prohibited from Instituting an Independent Challenge to the Tax Lien Pursuant to N.J.S.A. §54:5-100.....5

    B.  Plaintiff can not Mold the Facts With Respect to Royal's Tax Lien to Meet the Standard for Unjust Enrichment.....9

CONCLUSION........................................................10

## TABLE OF AUTHORITIES

**CASES:**

Berardi v. Swanson Memorial Lodge No. 48 of the
Fraternal Order of Police, 920 F.2d 198 (3d Cir. 1990)..........2

Brinkley v. Western World, Inc., 275 N.J.Super 605
(Ch.Div. 1994), *aff'd* 292 N.J.Super. 134 (App. Div. 1996).....6,8

City of Newark v. Block 322, Lots 38 and 40, 17 N.J.Tax
103 (Tax Ct. 1997).........................................1,6,7

City of Trenton v. Howell, 132 N.J.Eq. 51(Ch.Div. 1942).........6

Cohen v. Kurtzman, 45 F.Supp.2d 423 (D.N.J. 1999)...............2

General Motors Corp. v. City of Linden, 143 N.J. 336
(1996)........................................................1,2

McMahon v. City of Newark, 195 N.J. 526 (2008)..........1,2,3,4,5

Nordell v. Township of Mantua, 45 N.J.Super. 253 (Ch.
Div. 1957)....................................................7,8

**STATUTES:**

28 U.S.C § 1738................................................5

N.J.S.A. §40:55C-77............................................3

N.J.S.A. §54:3-21.........................................4,9,10

N.J.S.A. §54:5-1..............................................6,9

N.J.S.A. §54:5-60.........................................9,10

N.J.S.A. §54:5-87..............................................7

N.J.S.A. §54:5-100......................................5,6,7,8,9

**COURT RULES:**

F.R.C.P. 12..................................................1,2

**STATEMENT OF FACTS**

Defendant Royal Tax Lien Service, LLC ("Royal") shall rely upon, and incorporates by reference, the Statement of Facts set forth in its Memorandum of Law in Support of Royal Tax Lien Service, LLC's Motion to Dismiss.

**LEGAL ARGUMENT**

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1).**

Although briefed extensively in Royal's Memorandum of Law, it appears that it must be clarified that Plaintiff's *exclusive* means for disputing the assessment for the property located at 610 New York Avenue, North Wildwood, New Jersey, Block 152, Lot 1 (the "Property"), the real estate taxes for the Property and tax sale certificate number 06-00225 ("Tax Lien") is filing a tax appeal pursuant to N.J.S.A. §54:3-21(a). See, McMahon v. City of Newark, 195 N.J. 526, 543 (2008)(the New Jersey statutory scheme provides full administrative review of the property tax assessment of any aggrieved taxpayer); General Motors Corp. v. City of Linden, 143 N.J. 336, 350 (1996); City of Newark v. Block 322, Lots 38 and 40, 17 N.J.Tax. 103, 106 (1997)(failure of church to file a tax appeal pursuant to N.J.S.A. §54:3-21(a) renders the assessments for such years as fixed and is fatal to the church's claim of tax exemption). The only jurisdiction for initiating such challenge is the New Jersey Tax Court. See, McMahon v. City of Newark, 195 N.J. 526 (2008)(the New Jersey tax

1

court is empowered to grant legal and equitable relief to determine all matters in controversy between the parties); General Motors Corp. v. City of Linden, 143 N.J. 336, 350 (1996). As the General Motors matter illustrates, even absent the sale of a tax sale certificate, the only means for presenting a challenge, constitutional or otherwise, to the validity of a real property assessment and the resultant real estate taxes is pursuant to N.J.S.A. 54:3-21(a). General Motors Corp., 143 N.J. at 350.

Likewise, although Plaintiff appears to ignore, or fails to recognize, that Royal's Motion to Dismiss mainly seeks dismissal of Plaintiff's Complaint based upon this Court's lack of jurisdiction over the subject matter, pursuant to F.R.C.P. 12(b)(1)[1], Plaintiff's Complaint must be dismissed since the only redress for its alleged injury lies in the New Jersey state tax system. Mostly, Plaintiff has not sustained its burden to demonstrate that this Court maintains jurisdiction to determine this ineptly disguised tax appeal and/or the validity of the assessment for the Property, the real estate taxes for the Property and the Tax Lien.

---

[1] It must be reiterated that Royal's challenge of the subject matter jurisdiction in fact, permits the Court to consider written and oral evidence beyond the pleadings to allow a court to make factual findings to determine jurisdiction. See, Cohen v. Kurtzman, 45 F.Supp.2d 423, 428 (D.N.J. 1999); Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

## II. PLAINTIFF CAN NOT MAINTAIN ANY COMMON LAW CAUSES OF ACTION AGAINST ROYAL ON ACCOUNT OF THE PURCHASE OF ITS TAX LIEN.

Further, Plaintiff's Complaint on its face, without consideration of documents outside of the pleadings, can not establish any common law causes of action against Royal since same are nonexistent. Additionally, even if Plaintiff were to establish any common law causes of action against Cole Layer Trumble Company and Tyler Technologies (hereinafter referred to collectively as the "Appraisal Defendants") based upon the appraisal for the Property, such claims do not seek to, and will not, invalidate or otherwise reduce the assessment for the Property, the real estate taxes for the Property and/or the Tax Lien. Hence, there is not a connection between the alleged negligent actions of the Appraisal Defendants and the Plaintiff's demand for nullification of the Tax Lien.

Plaintiff's reliance upon <u>McMahon v. City of Newark</u>, 195 N.J. 526 (2008) to support the above proposition is misplaced. In the <u>McMahon</u> matter, the taxpayer entered into a financial agreement pursuant to the Fox-Lance Law[2] with the municipality concerning the construction of an urban renewal project. <u>McMahon</u>, 195 N.J. at 530. The financial agreement provided that the project would be exempt from taxation on the improvements in accordance with the provisions of the Fox-Lance Law. <u>Id.</u> at 531.

---

[2] The Fox-Lance Law has been replaced by the Long Term Tax Exemption Law, N.J.S.A. §40:55C-77, *et seq.*

After a transfer of the project, the municipality issued several added/omitted assessments for the property. Id. at 533. Unable to resolve the unexpected assessment with the municipality, the taxpayer filed a complaint in the Superior Court seeking a declaratory judgment and other related relief. Id. at 536. The case was eventually transferred to the Tax Court and dismissed for failure of the taxpayer to file a timely tax appeal. Id. at 537. The taxpayer appealed to the Appellate Division, which affirmed the holding of the Tax Court. Id. at 538-539. The New Jersey Supreme Court reversed the Appellate Division decision finding that the taxpayer was not challenging the amounts of the added/omitted assessments, but rather disputed the municipality's unilateral finding that a transfer of the project constituted a breach of the financial agreement thereby triggering the termination of the contractually agreed upon tax abatement. Id. at 544. The Supreme Court further opined that the taxpayer's claims were purely contractual in nature, and pursuant to the terms of the financial agreement, the parties must honor the forum selection clause requiring the resolution of the dispute in the Superior Court or arbitration. Id. In addition, according to the terms of the financial agreement, a tax appeal was not the proper forum for this breach of contract dispute. Id. at 545.

In contrast, Plaintiff seeks to forum shop by instituting tax appeals and actions in Federal Court based upon the same

elevated assessment for the Property, augmented real estate taxes for the Property and the Tax Lien.  It appears that Plaintiff hopes that this Court will ignore the May 18, 2009 Order from the Appellate Division[3] affirming the 2006 assessment for the Property and will provide a better result for its grievances concerning the 2006 assessment for the Property, 2006 real estate taxes for the Property and the Tax Lien.  Plaintiff also seems to want this Court to usurp the jurisdiction of the Tax Court while the 2007-2009 tax appeals are pending.  Unlike Plaintiff, the McMahon taxpayer was not seeking to challenge an assessment in more than one court or to institute a common law contest to tax assessments.  As such, the McMahon decision does not lend support to Plaintiff's simultaneous dispute of the tax assessment for the Property, the real estate taxes for the Property and the Tax Lien in the Tax Court and this Court.

### A.  Plaintiff Is Statutorily Prohibited from Instituting an Independent Challenge to the Tax Lien Pursuant to N.J.S.A. §54:5-100.

Contrary to repeated statements by Plaintiff, Plaintiff can not maintain common law causes of action against Royal to vitiate the Tax Lien pursuant to N.J.S.A. §54:5-100.  Subsequent to Royal

---

[3]Plaintiff appealed the March 5, 2008 Order dismissing its 2006 Tax Appeal to the Superior Court Appellate Division, wherein the Appellate Division affirmed the Tax Court's March 5, 2008 Order on May 18, 2009 and opined that the 2006 Tax Appeal was untimely.  Plaintiff fails to address Royal's assertion that the Full Faith and Credit Clause, 28 U.S.C § 1738, prevents this Court from disturbing the May 18, 2009 Order.

purchasing the Tax Lien on January 11, 2007, it "steps into the shoes" of the municipality and all of the rights and remedies with respect to the Tax Lien are exclusively statutory pursuant to the Tax Sale Law, N.J.S.A. §54:5-1, *et seq.* Consistent therewith, N.J.S.A. §54:5-100, provides the limited defenses to a defendant in a tax sale certificate foreclosure action. See, Brinkley v. Western World, Inc., 275 N.J.Super 605, 609 (Ch.Div. 1994), *aff'd* 292 N.J.Super. 134 (App. Div. 1996); City of Trenton v. Howell, 132 N.J.Eq. 51, 53 (Ch. Div. 1942). Certainly, a property owner may challenge a tax lienholder's right to foreclose on the basis that the real estate taxes comprising the tax sale certificate are not owed and/or should be reduced, but such contention must be substantiated and coupled with a judgment derived from a timely tax appeal. See, Brinkley v. Western World, Inc., 275 N.J.Super 605, 611 (Ch.Div. 1994), *aff'd* 292 N.J.Super. 134 (App. Div. 1996)(where property owner obtained ruling from appellate division that property was entitled to farmland assessment thereby resulting in there being no outstanding taxes owed for the property, the court invoked its equitable powers in the foreclosure action to extinguish the tax lien). Consequently, where a property owner fails to file a timely tax appeal, a collateral attack upon an assessment in a foreclosure proceeding would create an unlimited statute of limitations for tax appeals. City of Newark v. Block 322, Lots 38

and 40, 17 N.J.Tax 103, 106 (1997)(church denied opportunity to void assessments after strictly enforced appeal deadline).

Thus, contrary to Plaintiff's perpetual assertion, see Plaintiff's Brief, pgs. 5,7,8,19,20,21, there is not any case law to support an affirmative cause of action pursuant to N.J.S.A. §54:5-100 to invalidate a tax sale certificate after a tax appeal deadline. Again, Plaintiff's reliance upon Nordell v. Township of Mantua, 45 N.J.Super. 253 (Ch. Div. 1957) is amiss. In the Nordell matter, the municipality purchased a tax sale certificate and instituted tax foreclosure proceedings against the subject property, but failed to name the property owner as a defendant in such action. Id. at 255-256. Subsequent to the municipality entering a final judgment of foreclosure, the property owner filed an action to vacate the final judgment pursuant to N.J.S.A. §54:5-87 and N.J.S.A. §54:5-100. Id. The Nordell court determined that since the property owner was not named in the municipality's foreclosure action, the property owner could utilize N.J.S.A. §54:5-100 as a defense to the foreclosure action despite the passage of time. Id. at 259. Notwithstanding the foregoing, the court held that the tax sale certificate was void *ab initio* since it was revealed that the real estate taxes were not owed in the first instance. Id.

In the matter at hand, Plaintiff's averment of a cause of action pursuant to N.J.S.A. §54:5-100 conforms with its mantra of

7

"duplicate litigation leads to better results". Plaintiff acknowledges that Royal has initiated foreclosure proceedings, which will permit Plaintiff to once again present its abortive defenses pursuant to N.J.S.A. §54:5-100. Yet, Plaintiff preempts such statutorily granted opportunity by filing the instant action. Clearly, the <u>Nordell</u> case, wherein Nordell sought to challenge a final judgment of foreclosure on his property, does not lend credence to Plaintiff's scheme.

Moreover, unlike the <u>Brinkley</u> matter, there has not been a determination that any of the assessments for the Property are void. As such, Plaintiff does not have a factual basis to seek to eradicate the Tax Lien[4]. Plaintiff's request for discovery, see Plaintiff's Brief, pg. 21, will not bolster its transparent efforts to relitigate the 2006 assessment for the Property and the 2006 real estate taxes, since Royal's procedures for acquiring the Tax Lien are neither relevant nor related to the assessment and taxation of the Property by the City of North Wildwood tax assessor or the sale of the Tax Lien against the

---

[4] Any claim by Plaintiff that the Tax Lien was improperly issued, See Plaintiff's Brief, pgs. 20,22, must be directed at the City of North Wildwood, since Royal did not issue or sell the Tax Lien. In that regard, the City of North Wildwood is an indispensable party, which Plaintiff deliberately failed to join to protect its standing in Federal Court on diversity grounds, since it appears that Plaintiff contends it was "unfair" or "improper" for the City of North Wildwood to sell the Tax Lien. It also should be noted that *only* the City of North Wildwood could invalidate the Tax Lien.

Property by the City of North Wildwood tax collector. Additionally, Plaintiff can neither extend nor revive the tax appeal deadline by challenging the 2006 assessment and 2006 real estate taxes by fabricating a cause of action pursuant to N.J.S.A. §54:5-100 in the instant action. However, as to Plaintiff's 2007-2009 tax appeals, Plaintiff must await such decision from the Tax Court and proceed accordingly. Nonetheless, Plaintiff's contest, if any, to the portion of Royal's Tax Lien comprising the 2007 to 2009 real estate taxes must be pursued in the proper forum provided by the New Jersey Statutes, in lieu of the District Court.

### B. Plaintiff can not Mold the Facts With Respect to Royal's Tax Lien to Meet the Standard for Unjust Enrichment.

In addition, while Plaintiff's simple cavalier comment that payment of the Tax Lien "must be unjust enrichment" fails to sufficiently establish a cause of action for unjust enrichment, See Plaintiff's Brief, pg. 23, fn14, Plaintiff neglected to establish the means by which a redemption of the Tax Lien pursuant to the Tax Sale Law, N.J.S.A. §54:5-1, *et seq.* could result in Royal obtaining a benefit without payment for same. Neither the City of North Wildwood nor Royal can deviate from the terms of the Tax Sale Law upon a redemption of the Tax Lien. Pursuant to N.J.S.A. §54:5-60, in order to redeem a tax sale certificate,

9

> the amount required for redemption shall include all sums for subsequent taxes, municipal liens and charges, and interest and costs thereon, actually paid by the holder of the tax title or his predecessor therein, together with interest on the amount so paid at the rate or rates chargeable by the municipality, ...

N.J.S.A. §54:5-60. Thus, Royal only will receive such amounts that it is statutorily entitled to upon a redemption of the Tax Lien. Consequently, Plaintiff can not maintain a cause of action for unjust enrichment against Royal.

## CONCLUSION

As a result of the Plaintiff's failure to establish subject matter and diversity jurisdiction and to state a claim upon which relief can be granted, Plaintiff's Amended Complaint must be dismissed.

**ZEITZ & STEIN, L.L.C.**

Dated: August 24, 2009

/s/ Robin London-Zeitz
BY: Robin I. London-Zeitz, Esquire
*Attorneys for Royal Tax Lien Services, LLC*