012791/00006/01984107
**HILL WALLACK LLP**
**Maeve E. Cannon, Esq. (MC0574)**
202 Carnegie Center
Princeton, New Jersey 08543
(609) 924-0808
mec@hillwallack.com
Attorneys for Defendants,
Cole Layer Trumble Company and Tyler Technologies, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEACH CREEK MARINA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROYAL TAX LIEN SERVICES, LLC d/b/a CRUSADER LIEN SERVICES, COLE LAYER TRUMBLE COMPANY, and TYLER TECHNOLOGIES INC., <br><br> Defendants. | CIVIL ACTION NO. 2:09-CV-2649 <br><br> **Document electronically filed** <br><br> **Request for Oral Argument** <br><br> **Motion Return Date: August 17, 2009** |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS COLE LAYER TRUMBLE COMPANY AND TYLER TECHNOLOGIES INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER**

Of counsel and on the brief:
Maeve E. Cannon, Esq.

On the brief:
Megan McGeehin Schwartz, Esq.

**TABLE OF CONTENTS**

PROCEDURAL HISTORY AND STATEMENT OF FACTS .................................................... 2
LEGAL ARGUMENT ............................................................................................................. 2
  POINT I    TYLER'S MOTION TO DISMISS MUST BE GRANTED BECAUSE BCM
  FAILED TO STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED. ......... 2
    A.    BCM'S CLAIMS MUST BE DISMISSED AS AN IMPROPER AND
    UNTIMELY TAX APPEAL. ......................................................................................... 3
    B.    BCM'S COMPLAINT MUST BE DISMISSED PURSUANT TO THE TAX
    INJUNCTION ACT, 28 U.S.C.A. §1341. .......................................................... 5
    C.    BCM'S COMMON LAW CLAIMS AGAINST TYLER MUST FAIL. ................ 9
CONCLUSION ........................................................................................................................ 15

**TABLE OF AUTHORITIES**

**Cases**

Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73 (E. & A. 1940) ................................................................................................................ 14
Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 573-574 (1996) ............................................................................................................. 11
F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418 (1985) ............................................................................................................... 3
Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271, 275 (1981) ...................... 6, 7
Gautam v. DeLuca, 215 N.J. Super. 388, 396 (App. Div. 1987) ......... 11
Grand Street Artists v. General Elec. Co., 19 F.Supp.2d 242 (D.N.J. 1998) ................................................................................................ 12
Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407, 1412 (1943) ............................................ 7
J.H. Becker, Inc. v. Township of Marlboro, 82 N.J. Super. 519, 529 (App. Div. 1964) ................................................................... 4, 10, 12
Jones v. Township of North Bergen, 331 F.Supp. 1281, 1286 (D.N.J. 1971) ................................................................................................. 5
Levine v. Wiss & Co., 97 N.J. 242, 246 (1984) ......................................... 11
MacLeod v. City of Hoboken, 330 N.J. Super. 502 (App. Div. 2000) 5
Mayfair Holding Corp. v. North Bergen Tp., 4 N.J. Tax 38, 40 (Tax 1982) ................................................................................................... 3
Newark v. Fischer, 3 N.J. 488 (1950) ........................................................... 3
S.P. v. Collier High School, 319 N.J. Super. 452, 467 (App. Div. 1999) ................................................................................................................ 11
Standard Gas Power Corp. v. New England Casualty Co., 90 N.J.L. 570, 573-74 (E. & A. 1917) ............................................................................. 14
Sykes v. Propane Power Corp., 224 N.J. Super. 686 (App. Div. 1988) ............................................................................................................... 12
Zielinski v. Professional Appraisal Associates, 326 N.J. Super. 219, 225-226 (App. Div. 1999) ..................................................................... 11

**Statutes**

28 U.S.C.A. §1341 ............................................................................................ 6, 7
N.J.S.A. 54:3-27.2 ................................................................................................ 9

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Defendants, Cole Layer Trumble Company and Tyler Technologies, Inc. (collectively "Tyler"),[1] rely upon and incorporate by reference the Statement of Facts and Procedural History set forth in its brief supporting its Motion to Dismiss.

**LEGAL ARGUMENT**

**POINT I   TYLER'S MOTION TO DISMISS MUST BE GRANTED BECAUSE BCM FAILED TO STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED.**

This court must grant Tyler's motion to dismiss Beach Creek Marina's ("BCM") complaint in its entirety because, even if plaintiff can prove the allegations in the complaint, Tyler is entitled to judgment as a matter of law.[2] As briefed extensively in Tyler's initial brief supporting its Motion to Dismiss, BCM's complaint is essentially an untimely tax appeal requiring dismissal. Although BCM was dissatisfied with its 2006 tax assessment, it failed to file a timely tax appeal pursuant to New Jersey's statutory process. Also, as a matter of law, based on the facts asserted in the Complaint, the common law causes of action plead by BCM cannot be maintained against Tyler.

---

[1] Effective February 4, 2005, Cole Layer Trumble Company was merged with and into Tyler Technologies, Inc., a Delaware corporation. Prior to the merger, Cole Layer Trumble Company was a wholly-owned subsidiary of Tyler Technologies, Inc.

[2] Even if this motion were converted to a summary judgment as BCM incorrectly suggests, BCM's claims would not survive because it has pointed to no material facts in dispute and as a matter or law Tyler is entitled to judgment. BCM's dissatisfaction with its assessment cannot support any of its claims against Tyler.

2

### A. BCM'S CLAIMS MUST BE DISMISSED AS AN IMPROPER AND UNTIMELY TAX APPEAL.

The New Jersey Tax Court and Appellate Division dismissed BCM's earlier 2006 tax appeal as untimely. At this time, BCM cannot again contest its assessment under the guise of tort and contract claims against Tyler because the instant complaint is also an untimely tax appeal. BCM's failure to timely file a tax appeal is an incurable, jurisdictional defect requiring dismissal of this complaint in its entirety with prejudice.

The statutory time frames in N.J.S.A. 54:3-21 et seq. for filing tax appeals are mandatory. Newark v. Fischer, 3 N.J. 488 (1950). Failure to file a timely appeal is a fatal jurisdictional defect. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418 (1985). Indeed, the Tax Court deems the requirement an "unqualified jurisdictional imperative." Mayfair Holding Corp. v. North Bergen Tp., 4 N.J. Tax 38, 40 (Tax 1982).

BCM failed to adhere to the mandatory statutory timeframes. In or around January 18, 2007, BCM filed an untimely tax appeal of its 2006 assessment. The Tax Court dismissed BCM's appeal as untimely. Thereafter, the Appellate Division affirmed the dismissal in an unpublished opinion at Beach Creek Marina v. City of North Wildwood, 2009 WL 1361651 (App. Div. 2009). BCM filed this complaint with the District Court some two and one half (2 1/2) years after the statutory timeframe for tax appeal.

3

This complaint must also fail as untimely. In seeming recognition its exclusive remedy before the tax court, BCM asserted no claims against Tyler until after its appeal had been dismissed as untimely.

All of BCM's common law claims arise out of its dissatisfaction with the City's 2006 assessment of its property. This fact is the sole basis for BCM's claims of negligence, professional malpractice, third-party beneficiary status, unjust enrichment and breach of implied covenant. Regardless of whether all the facts in the complaint are true, New Jersey courts have held that the statutory tax appeal process provides full administrative review to taxpayers desiring to contest assessments. J.H. Becker, Inc. v. Township of Marlboro, 82 N.J. Super. 519, 529 (App. Div. 1964) ("Mere difference of opinion as to whether the assessed values in the respective townships do, or do not, represent 100% of true value does not justify judicial intervention when the Legislature has provided an aggrieved taxpayer with an adequate administrative review.").

Similarly, New Jersey courts have consistently rejected efforts by taxpayers to circumvent the statutory appeal process by other means. In MacLeod v. City of Hoboken, 330 N.J. Super. 502 (App. Div. 2000), the Appellate Division dismissed an action

4

in lieu of prerogative writ brought by a taxpayer to challenge the fairness of the tax assessments in its town, stating:

> Even in case addressing challenges to the fairness and impartiality of assessments throughout the municipality, an action in lieu of prerogative writ is appropriate only for an initial action to compel an assessor to exercise discretion and perform assessments, not to challenges of the valuation which the assessor established, no matter how inappropriate or inequitable the valuations appear to the taxpayer.
>
> Id at 508.

So too, where plaintiffs have failed to make applications to the appropriate State tribunals in the tax appeal context, the Federal Courts have not permitted themselves to serve as an "alternative forum." Jones v. Township of North Bergen, 331 F.Supp. 1281, 1286 (D.N.J. 1971). Where BCM has had its day in Tax Court, and failed to file a timely appeal, no relief is available here.

### B.   BCM'S COMPLAINT MUST BE DISMISSED PURSUANT TO THE TAX INJUNCTION ACT, 28 U.S.C.A. §1341.

BCM's complaint must be dismissed pursuant to the Tax Injunction Act, which prohibits federal courts from interfering in state tax matters and, despite BCM's claims to the contrary, is directly applicable here. Section 1341 prohibits federal courts from enjoining the collection of a state tax "where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. §1341.

5

The United States Congress preserved an essential element of federalism in directing federal courts not to interfere in the administration of state tax matters. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 103, 102 S.Ct. 177, 179, 70 L.Ed.2d 271, 275 (1981). The United States Supreme Court's analysis in Fair Assessment makes clear that Congress and the federal courts have determined that federal District Courts must reject taxpayers' efforts to seek relief in the federal courts when adequate state law remedies exist. Section 1341 explicitly provides District Courts shall not intervene in State tax matters where an adequate remedy exists under State law and shall not "enjoin, suspend, or restrain the assessment levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the Courts of such state."

Under this Act, and relying on the principle of comity, the United States Supreme Court has held that federal courts must avoid interfering with state tax matters when the taxpayer seeks (1) an injunction, 28 U.S.C.A. §1341; (2) declaratory relief, Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407, 1412 (1943); or (3) damages, Fair Assessment, supra, 454 U.S. at 113, 102 S.Ct. at 184, 70 L.Ed.2d at 281-82.

6

In Fair Assessment, as in the present case, the taxpayers sought damages. The award of damages, like the issuance of an injunction, would unduly interfere with the collection of state taxes. Id. at 111, 102 S.Ct. at 184, 70 L.Ed.2d at 280. The Court focused on the possible interference in the administration of the state tax system. Thus, the federal courts may not award damages or grant either injunctive or declaratory relief when a state provides an adequate remedy.

An adequate state remedy need only satisfy "minimal procedural criteria," Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512, 101 S.Ct. 1221, 1228-29, 67 L.Ed.2d 464, 473 (1981), which is generally measured by the adequacy of a state remedy by procedural, not substantive, criteria. Id. at 512, 101 S.Ct. at 1229, 67 L.Ed.2d at 473.

Here, the assessment BCM challenges is the valuation made in connection with an ad valorem real property tax administered by the City. Where, as here, New Jersey's statutory tax appeals process provided BCM with a speedy and efficient remedy, it may not now attempt to create a new remedy here. BCM seeks unspecified damages from Tyler arising from the assessment established by the City's Tax Assessor. For this Court to award the relief sought, it must, of necessity, review and set aside the municipal assessment of BCM's property, which it may not do

7

where an efficient State Court remedy was available to BCM. Further, BCM has appeals pending in the tax court for 2007 and 2008. How can the relief sought here be reconciled with the relief sought in the tax court? In fact, there is the possibility of inconsistent judicial holdings. How could Tyler be held liable for damages here, if the tax court upholds the assessment? A review of BCM's assessment here constitutes an impermissible interference in the State tax process.

New Jersey law provides several opportunities for BCM to raise objections to the assessment. For example, a taxpayer may challenge the assessment by appealing to the Tax Court, pursuant to N.J.S.A. 54:3-21 et seq. Further, if the taxpayer remains dissatisfied, he may appeal from the Tax Court to the Appellate Division and if the taxpayer succeeds at any level, the taxing district must refund the excess taxes plus five-percent interest within sixty days of the final judgment. N.J.S.A. 54:3-27.2; see Rosewell, supra, 450 U.S. at 528, 101 S.Ct. at 1237, 67 L.Ed.2d at 483. Based on the Supreme Court's "minimal procedural criteria," Id. at 512, 101 S.Ct. at 1229, 67 L.Ed.2d at 473, the remedies under New Jersey law are more than adequate to preclude BCM's untimely complaint here. BCM's only remedy was to timely pursue the statutory tax appeal process and having failed to properly do so, BCM has no remedy here.

### C. BCM'S COMMON LAW CLAIMS AGAINST TYLER MUST FAIL.

BCM's claims for negligence, professional malpractice, breach of contract as a third-party beneficiary, unjust enrichment and breach of the implied covenant of good faith and fair dealing must be dismissed as a matter of law. No breach or failure of duty can be alleged. For all the reasons more specifically briefed initially and even taking BCM's assertions as true, its claims must be dismissed because no contract or duty exists between BCM and Tyler.

First, BCM's negligence, professional malpractice and third-party beneficiary claims cannot be sustained because Tyler owes no legal duty to BCM. Tyler owed a duty to the City to satisfactorily perform services. Tyler owed no duty of care to BCM or other property owners who were not parties to the contract, and where its valuations were not binding on the City Assessor, whom it served, by law, only in an advisory capacity.

New Jersey has ruled on this precise issue and found that no duty exists between the revaluation company and the taxpayer. In J.H. Becker, Inc., supra, the New Jersey Appellate Division held that the defendant revaluation company violated no duty to plaintiff because the company had been retained under contract by the township and its valuations were not binding on the township assessor, whom it served only in an advisory capacity.

9

Id. at 530. BCM provides no law, as it cannot, to contradict the holding of J.H. Becker.

Further, the terms and standards of Tyler's contract, as with any contract for revaluation services, was governed by N.J.A.C. 18:12-4.8 which provides that "the revaluation firm acts as the agent of the municipal tax assessor and all determinations made by the firm **shall be submitted to, and approved by, the municipal tax assessor.**" (emphasis supplied). The ultimate responsibility for the assessment rests with the municipal tax assessor, who by law "shall have the duty of assessing property for the purpose of general taxation." N.J.S.A. 40A:9-148.1.

BCM has not named either North Wildwood or its tax assessor in this complaint. Here, as in J.H. Becker, Inc., supra, Tyler owed no duty or obligation to BCM where it was retained under a contract to the City and its valuations were not binding on the City Assessor, whom it served in a purely advisory capacity.

Likewise, professional malpractice actions are grounded in the tort of negligence. See, Levine v. Wiss & Co., 97 N.J. 242, 246 (1984) (accounting malpractice); Gautam v. DeLuca, 215 N.J. Super. 388, 396 (App. Div. 1987) (legal malpractice). A claim for professional malpractice damages accrues when the professional's negligence is a breach of a duty owed and the

10

proximate cause of the client's damages. Gautam, supra, 215 N.J. Super. at 397. Although New Jersey law does impose a duty of care upon a professional in favor of persons who did not engage the professional, Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 573-574 (1996), it only does so when the conduct is consistent with the scope of his or her undertaking. Zielinski v. Professional Appraisal Associates, 326 N.J. Super. 219, 225-226 (App. Div. 1999).

The determination of whether a duty exists is a matter of law for the court. Carvalho, supra, 143 N.J. at 572. The foreseeability of harm is a significant consideration in the determination of a duty to exercise reasonable care. Ibid. If foreseeability is established, considerations of fairness and policy then govern whether the imposition of a duty is warranted. Id. at 573. The assessment of fairness and policy "involves identifying, weighing, and balancing several factors- the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Ibid. New Jersey courts have applied this foreseeability analysis to professional malpractice claims. Sykes v. Propane Power Corp., 224 N.J. Super. 686 (App. Div. 1988); Grand Street Artists v. General Elec. Co., 19 F.Supp.2d 242 (D.N.J. 1998)

11

Here, BCM's complaint does not allege, nor can it allege, a legal duty that is owed from Tyler to BCM. Tyler's obligation was to advise the tax assessor in performing a City-wide revaluation. Tyler did not have any relationship with BCM or any other individual property owners. Its revaluation services were performed for the benefit of the City, and as found in J.H. Becker, supra, at 530, revaluation companies owe no duty to the taxpayer because they are retained under contract with the municipality and their valuations are not binding on the assessor whom they serve in an advisory capacity.

Further, Tyler could not have foreseen nor could it be responsible for BCM's unilateral decision not to pay its property taxes, whereupon a tax lien would be sold on the property, which would thereafter be subject to tax lien foreclosure. At most, it is foreseeable only that either the assessor will not agree with Tyler's recommendation or, in the alternative, that an aggrieved taxpayer will avail itself of the statutory appeal process to contest the amount of the valuation. In that context, Tyler's foreseeable duty is only to the City and is established by regulation. (See N.J.A.C. 18:12-4.8).

Accordingly, it is foreseeable only that a taxpayer will file a tax appeal of its taxes. Tyler is obliged to assist the City in the defense of such appeal. If the taxpayer is correct,

12

it will receive a revised valuation and taxes paid with five percent (5%) interest. In this context, the relationship is between the assessor and the valuation company. The assessor makes the final determination. There is a statutory scheme in place which addresses the remedies of the taxpayer when they do not agree with the assessment.

The "harm" here is that the taxpayer did not timely appeal and did not pay its taxes. This harm is not a foreseeable risk flowing from the valuation services nor can it be the responsibility of Tyler. Simply, no duty can arise under these circumstances, nor can such "harm" be the responsibility of the valuation company. Even if such harm were foreseeable, and we do not concede that it is, a balancing of fairness and public policy mandates that no duty be imposed where the taxpayer has a statutory scheme in place which makes it whole.

Specifically with respect to the third-party beneficiary claim, in Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73 (E. & A. 1940), third-party beneficiary rights are based on "the intention of the parties who actually made the contract. . . whether the contracting parties intended that a third party should receive a benefit . . ." Id. at 76-77. It is clear New Jersey law contemplates that the contractual intent to recognize a right to performance in the third-party is paramount. Ibid.

13

If such intent does not exist, the third-party has no contractual standing because that party is only an incidental beneficiary. Standard Gas Power Corp. v. New England Casualty Co., 90 N.J.L. 570, 573-74 (E. & A. 1917).

Here, by law, there can be no actual or implied expression of intent for a right to performance in a third-party such as BCM because the revaluation services were being performed for the benefit of the City not for the benefit of individual taxpayers, who may potentially be adverse to the City as a result of the revaluation. As such, BCM and other similarly-situated taxpayers have no contractual standing to sue for breach of this contract. Aggrieved taxpayers only have standing to sue pursuant to the New Jersey statutory tax appeals process. Further, government contracts like the revaluation services agreement here often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested, Restatement (Second) of Contracts, §313, Comment a, of which here there is none. The contract sections BCM cites in its opposition do not demonstrate an intent by the City and Tyler to have BCM as a third-party beneficiary. Rather, those contract provisions outline Tyler's duties and statutory obligations in connection with the City-wide revaluation.

14

As a result of BCM's inability to maintain its breach of contract claims, it is not entitled to quasi-contract relief through the theory of unjust enrichment because BCM did not bestow any benefit on Tyler or the implied covenant of good faith and fair dealing. BCM's opposition fails to present any law or facts supporting its unjust enrichment or implied covenant claims. In fact, it only briefly mentions their existence in a footnote. Absent any facts and/or legal theories supporting these claims, they must be dismissed as a matter of law.

## CONCLUSION

For all the foregoing reasons, Tyler respectfully requests this court dismiss plaintiff's complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

HILL WALLACK LLP
Attorneys for Defendants,
Cole Layer Trumble Company
and Tyler Technologies Inc.

Dated: September 15, 2009

By: /s/ Maeve E. Cannon
Maeve E. Cannon (MC0574)

15